# JOINT STIPULATION OF SETTLEMENT

## I.    RECITALS

A.    This Joint Stipulation of Settlement ("Agreement") is made and entered into by and among Plaintiffs Tanya Mayhew ("Mayhew"), Tanveer Alibhai ("Alibhai") and Tara Festa ("Festa") (collectively, "Plaintiffs"), individually and on behalf of the Settlement Class (defined below), by and through Class Counsel, and Defendant KAS Direct LLC ("KAS") and Defendant S.C. Johnson & Son, Inc. ("S.C. Johnson"), (together "Defendants") (together with Plaintiffs, the "Parties"), by and through its counsel of record in this Litigation, and resolves in full the Action. Capitalized terms used herein are defined in Section II of this Agreement or indicated in parentheses elsewhere in this Agreement.  Subject to Court approval as required by the applicable Federal Rules of Civil Procedure, and as provided herein, Plaintiffs and Defendants ("the Parties") hereby stipulate and agree that, in consideration for the promises and covenants set forth in the Agreement and upon the entry by the Court of a Final Judgment and Order Finally Approving Settlement and the occurrence of the Effective Date, the Action shall be settled and compromised upon the terms and conditions contained herein.

B.    WHEREAS, on November 20, 2015 and January 26, 2016, Plaintiffs submitted demand letters to KAS and its attorneys in accordance with the California Consumer Legal Remedies Act, California Civil Code § 1750.

C.    WHEREAS, on August 10, 2016, Class Counsel, KAS, and KAS's Counsel participated in a mediation conducted by David A. Rotman of Gregorio, Haldeman & Rotman of San Francisco, California.

D.    WHEREAS, on September 7, 2016, Plaintiffs filed a Complaint against Defendant KAS in the United States District Court for the Southern District of New York.

E.      WHEREAS, on March 15, 2017, Class Counsel, on behalf of their clients, entered into a Stipulation and Protective Order / Confidentiality Agreement with Defendants, pursuant to which, and for the purpose of settlement discussions only, Defendants agreed to produce certain sales and marketing information that would enable Class Counsel and their clients to better evaluate their position with respect to settlement.

WHEREAS, on March 30, 2017, Class Counsel, Defendants and Defendants' Counsel participated in a mediation conducted by Michael Young of JAMS in New York, New York. Before, during, and since the mediation, the Parties have engaged in protracted, extensive, and hard-fought settlement negotiations, including numerous telephonic negotiating sessions. Some of the parties' post-mediation negotiations were assisted by Mr. Young; others were conducted independently.

F.      WHEREAS, on May 31, 2017, the Parties reached a settlement in principle. For nearly eight weeks thereafter, the Parties continued to negotiate the terms of this settlement.

G.      WHEREAS, on August 4, 2017, Plaintiffs filed an Amended Complaint.

H.      WHEREAS, in the Amended Complaint, Plaintiffs allege Defendants marketed their Babyganics line of home and personal care products (the "Products") (1) with the brand name "Babyganics," (2) in the case of certain sunscreens (the "Sunscreen Products"), with the term "Mineral-Based," and (3) with the term "Neonourish Natural Seed Oil." Plaintiffs further allege that Defendants' marketing of the Products was misleading and caused Plaintiffs to pay a price premium for the Products. The Complaint asserts causes of action on behalf of a nationwide class of purchasers and in the alternative, subclasses of purchasers, for: (1) violation of New York General Business Law §§ 349 and 350; (2) violation of California law, including, but not limited to, California Civil Code §§ 1750 *et seq.*, California Business & Professions Code §§ 17200 *et*

*seq.*, and California Business & Professions Code §§ 17500 *et seq.*; (3) violation of the Florida law, including the Florida Deceptive and Unfair Trade Practices Act; (4) breach of express warranty; (5) violation of Magnuson-Moss Warranty – Federal Trade Commission Improvement Act; and (6) common-law unjust enrichment. The Complaint seeks monetary and injunctive relief. Class Counsel conducted separate examinations and evaluations of the relevant law and facts to assess the merits of Plaintiffs' claims and to determine how to best serve the interests of the members of the putative class.

I. WHEREAS, counsel for all Parties have reached the resolution set forth in this Agreement, providing for, among other things, the settlement of the Action between and among Plaintiffs, on behalf of themselves and the Settlement Class, and Defendants on the terms and subject to the conditions set forth below.

J. WHEREAS, Class Counsel have determined that a settlement of the Action on the terms reflected in this Agreement is fair, reasonable, adequate, and in the best interests of Plaintiffs and the Settlement Class.

K. WHEREAS, based upon Class Counsel's investigation and evaluation of the facts and law relating to the matters alleged in the pleadings, Plaintiffs and Class Counsel agreed to settle the Litigation pursuant to the provisions of this Stipulation after considering, among other things: (1) the substantial benefits available to the putative class under the terms of this Stipulation; (2) the attendant risks and uncertainty of litigation, especially in complex actions such as this, as well as the difficulties and delays inherent in such litigation; and (3) the desirability of consummating this Agreement promptly to provide effective relief to Plaintiffs and the putative class and to end the alleged conduct at issue.

L.    WHEREAS, Defendants have denied and continue to deny each and all of the claims and contentions alleged by Plaintiffs in the Complaint.  Defendants have expressly denied and continue to deny all charges of wrongdoing or liability against it arising out of or relating to any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation.  Defendants believe they have meritorious defenses to all of Plaintiffs' claims, and that Plaintiffs will be unable to certify nationwide or subclasses relating to the challenged marketing of the Products.

M.    WHEREAS, Defendants, to avoid the costs, disruption, and distraction of further litigation, and without admitting the truth of any allegations made in the Action, or any liability with respect thereto, have concluded that it is desirable that the claims against it be settled and dismissed on the terms reflected in this Agreement.

N.    NOW, THEREFORE, this Agreement is entered into by and among the Parties, by and through their respective counsel and representatives, and in consideration of the mutual promises, covenants, and agreements contained herein and for value received, the Parties agree that:  (1) upon the Effective Date, the Action and all Released Claims shall be settled and compromised as between Plaintiffs and the Settlement Class on the one hand, and Defendants on the other hand; and (2) upon final approval of the Agreement, the Final Judgment and Order Approving Settlement shall be entered dismissing the Action with prejudice and releasing all Released Claims against the Released Parties.

## II.    DEFINITIONS

A.    As used in this Agreement and the attached exhibits (which are an integral part of the Agreement and are incorporated in their entirety by reference), the following terms shall have the meanings set forth below, unless this Agreement specifically provides otherwise:

1.     "Action" means the lawsuit captioned *Mayhew, et. al v. KAS Direct, LLC*, Case No. 7:16-cv-06981-VB, pending in the United States District Court for the Southern District of New York.

2.     "Advertising" means all acts and practices calling public attention to the Products, including, but not limited to, marketing materials, billboards, point of sale materials, online posts, websites, and Facebook and Twitter accounts used by Defendants to promote the Products.

3.     "Agreement" means this Joint Stipulation of Settlement (including all exhibits attached hereto).

4.     "Attorneys' Fees and Expenses" means such attorneys' fees and expenses as may be awarded by the Court based on this Agreement to compensate Class Counsel and all other Plaintiffs' Counsel as agreed upon by the Parties (subject to Court approval), as described more particularly in Section VIII of this Agreement.

5.     "Authorized Claimant(s)" means any Settlement Class Member who submits a valid Claim Form.

6.     "Award" means the relief obtained by Settlement Class Members pursuant to Section IV of this Agreement.

7.     "Claim" means a request for relief submitted by a Settlement Class Member on a Claim Form to the Settlement Administrator in accordance with the terms of the Agreement.

8.     "Claim Form" means the form to be used by a Settlement Class Member to submit a Claim to the Settlement Administrator.  The proposed Claim Form is subject to Court approval and attached hereto as Exhibit A.

9.      "Claims Deadline" means the date by which all Claim Forms must be postmarked or submitted online to the Settlement Administrator to be considered timely.  The Claims Deadline shall be stated in the Class Notice, on the Settlement Website, and in the Claim Form, and shall be no later than ninety (90) days from the date of the first publication of the Long-form Notice or Short-form Notice, whether online, via print publication, or via press release, whichever is earlier.

10.      "Claim Period" means the time period during which Settlement Class Members may submit a Claim Form to the Settlement Administrator for review.  The Claim Period shall run for a period of time ordered by the Court, and last at least ninety (90) calendar days from the date of the first publication of the Long-form Notice or Short-form Notice, whether online, via print publication, or via press release, whichever is earlier.

11.      "Class Counsel" means the following law firms and individuals:

Melissa W. Wolchansky
Amy E. Boyle
Halunen Law
1650 Ids Center, 80 So. 8th Street
Minneapolis, MN 55402
(612)-605-4098

Charles Joseph LaDuca
Katherine Van Dyck
Cuneo Gilbert & LaDuca, LLP
4725 Wisconsin Avenue NW, Suite 200
Washington, DC 20016
(202)-789-3960

Jason P. Sultzer
The Sultzer Law Group PC
77 Water Street, 8th Floor
New York, NY 10005
646-722-4266

12.     "Class Notice" or "Notice" means the forms of notice to be disseminated to Settlement Class Members informing them about the Settlement Agreement.  A copy of the proposed Long-form Notice is attached as Exhibit B, and a copy of the proposed Short-form Notice is attached as Exhibit C.

13.     "Class Period" means the period beginning on (and including) September 7, 2010 and ending on (and including) the date the Court enters the Preliminary Approval Order.

14.     "Class Representatives" or "Plaintiffs" means Tanya Mayhew, Tanveer Alibhai, and Tara Festa.

15.     "Court" means the United States District Court for the Southern District of New York, in which the Action was filed and where the Parties will seek approval of the Settlement.

16.     "Covered Product(s)" means any Babyganics product, regardless of product line, scent, and/or unit size, marketed and sold by Defendants in the United States.

17.     "Defendants" means KAS Direct LLC (d/b/a Babyganics) and S.C. Johnson & Son, Inc.

18.     "Effective Date" means the date on which all of the conditions of settlement have been satisfied.

19.     OR "Effective Date" means:

(a)     if no appeal is taken from the Order and Final Judgment, thirty-five (35) days after the Court enters the Order and Final Judgment of this Class Settlement Agreement; or

(b)     if an appeal is taken from the Order and Final Judgment, the date on which all appellate rights (including petitions for rehearing or re-argument, petitions for rehearing *en banc*, petitions for certiorari or any other form of review, and proceedings in the United States Supreme Court or any other appellate court) have expired, been exhausted, or been finally disposed of in a manner that affirms the Order and Final Judgment.

20.     "Eligible Claims" means claims submitted by Authorized Claimants against the Settlement Fund.

21.     "Final Approval Hearing" means the hearing to be conducted by the Court on such date as the Court may order to determine the fairness, adequacy, and reasonableness of the Agreement.

22.     "Final Judgment and Order Approving Settlement" means the order to be entered by the Court (which will be agreed upon by the Parties and submitted prior to the Final Approval Hearing) approving the Settlement as fair, adequate, and reasonable, confirming the certification of the Settlement Class, and issuing such other findings and determinations as the Court and/or the Parties deem necessary and appropriate to implement the Settlement Agreement.

23.     "Household" means a residence in which one or more Class Members may reside.  Class Members may be part of only one Household for purposes of submitting a Claim.

24.     "Initial Claim Amount" means the amount a Settlement Class Member claims on a Claim Form that is timely, valid, and approved by the Settlement Administrator.  The value basis of the Initial Claim Amount is described in Section IV.B of this Stipulation.  Pursuant to Section IV.B.2 of this stipulation, the Initial Claim Amount is subject to *pro rata* increase or decrease, depending on the value of all approved Claims submitted.

25.     "Motion for Preliminary Approval of Settlement" means the motion, to be filed by Plaintiffs and not opposed by Defendants, for Preliminary Approval of this Agreement.

26.     "Notice and Claim Administration Expenses" means all costs and expenses incurred by the Settlement Administrator, including all notice expenses, the cost of administering the notice program and the costs of processing all Claims made by Settlement Class Members. These costs and expenses shall be paid out of the Settlement Fund.

27. "Objection Date" means the date by which Settlement Class Members must file and serve objections to the Settlement and shall be no later than 30 days before the date first set for the Final Approval Hearing or as required by applicable law.

28. "Opt-Out Date" means the postmark date by which a Request for Exclusion must be submitted to the Settlement Administrator in order for a Settlement Class Member to be excluded from the Settlement Class, and shall be no later than 30 days before the date first set for the Final Approval Hearing.

29. "Plaintiffs' Counsel" means Melissa W. Wolchansky and Amy E. Boyle of Halunen Law; Charles Joseph LaDuca and Katherine Van Dyck of Cuneo Gilbert & LaDuca, LLP.; and Jason P. Sultzer of The Sultzer Law Group PC.

30. "Preliminary Approval Order" means the order to be entered by the Court, substantially in the form of Exhibit D, preliminarily approving the Settlement, certifying the Settlement Class, setting the date of the Final Approval Hearing, approving the Notice Program, Class Notice, and Claim Form, and setting the Opt-Out Date, Objection Date, and Notice Date.

31. "Proof of Purchase" shall mean a valid receipt or other document reflecting a purchase of a specific Covered Product during the Class Period.

32. "Released Claims" means, with the exception of claims for personal injury, any and all suits, actions, claims, liens, demands, actions, causes of action, obligations, rights, damages, or liabilities of any nature whatsoever, contingent or absolute, matured or unmatured, including Unknown Claims (as defined below), whether arising under any international, federal, state, or local statute, ordinance, common law, regulation, principle of equity or otherwise, that actually were, or could have been, asserted in the Litigation, including, but not limited to, claims which are based on any assertion or contention that the packaging of Covered Products, including

the labels, or Advertising based on the content of those labels were inaccurate, misleading, false, deceptive or fraudulent. Released Claims include claims or potential claims arising from any purchases of the Covered Products from September 7, 2010 to the date of the Court's final approval of this Stipulation, including any claims arising after the date of final approval which could be asserted based on labels or advertising in existence as of the date of final approval of the Stipulation.

33. "Released Persons" means and includes Defendants and their direct and indirect corporate parents, subsidiaries and affiliates, divisions, as well as its distributors, wholesalers, retailers, suppliers, customers and licensors, including the officers, directors, employees, shareholders, principals, agents, successors, insurers, attorneys, spokespersons, public relations firms, advertising and production agencies and assigns of all such Persons.

34. "Request(s) for Exclusion" means the written communication that must be submitted to the Settlement Administrator and postmarked on or before the Opt-Out Date by a Settlement Class Member who wishes to be excluded from the Settlement Class.

35. "Residual Settlement Amount" means the funds remaining in the Settlement Fund after the payment of all Eligible Claims and escrow charges and any taxes related to the Settlement Fund.

36. "Service Award(s)" means the payment, subject to Court approval, of $3,500 each to Plaintiffs Tanya Mayhew, Tanveer Alibhai, and Tara Festa.

37. "Settlement Administrator" means Angeion Group, LLC, which has been retained by the Parties and, subject to approval by the Court, shall design and implement the program for disseminating Notice to the Class, administer the claims portion of this Settlement, and perform overall administrative functions. The Settlement Administrator has agreed, as a

condition of being retained in this matter, to cap all Notice and Claim Administration Expenses to $416,475.50.

38. "Settlement Class" means all persons or entities in the United States who made retail purchases of Covered Products during the Settlement Class Period. Specifically excluded from the Settlement Class are: (a) Defendants' employees, officers, directors, agents, and representatives; (b) those who purchased Covered Products for the purpose of re-sale; (c) federal judges who have presided over this case; and (d) all Persons who have been properly excluded from the Settlement Class.

39. "Settlement Class Member(s)" or "Member(s) of the Settlement Class" means a member of the Settlement Class.

40. "Settlement Fund" means the amount of $2,215,000 to be funded by Defendants and from which all Eligible Claims, Attorneys' Fees and Expenses, Notice and Claim Administration Expenses, and Service Awards are to be paid.

41. "Settlement Website" means the website to be created for this settlement that will include information about the Litigation and the settlement, relevant documents and electronic and printable forms relating to the settlement, including the Claim Form which can be submitted online or printed and mailed. The Settlement Website shall be activated no later than thirty-five (35) days after the Preliminary Approval Order is entered and shall remain active until 101 days after the Court enters the Judgment. A link to the Settlement Website shall also be available on the websites Defendants maintain for United States consumers of Babyganics Products during the same time period and, at Class Counsel's option, on Class Counsel's websites.

42.     "Stipulation" means this Stipulation of Settlement, including its attached exhibits (which are incorporated herein by reference), duly executed by Class Counsel and counsel for Defendants.

43.     "Unknown Claims" means any and all Released Claims that a Settlement Class Member does not know to exist against any of the Released Parties which, if known, might have affected his or her decision to enter into or to be bound by the terms of this Stipulation.  The Plaintiffs and the Settlement Class Members acknowledge that they may hereafter discover facts in addition to or different from those that they now know or believe to be true concerning the subject matter of this Stipulation, but nevertheless fully, finally, and forever settle and release any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, may hereafter exist, or heretofore have existed which relate in any way to any assertion or contention that the packaging of Babyganics Products, including the labels or Advertising based on the content of those labels were inaccurate, misleading, false, deceptive or fraudulent, without regard to subsequent discovery or existence of such different or additional facts concerning each of the Released Parties.  The foregoing waiver includes, without limitation, an express waiver to the fullest extent permitted by law, by the Plaintiffs and the Settlement Class Members of any and all rights under California Civil Code § 1542 [set forth in bold *infra*] and any statute, rule, and legal doctrine similar, comparable, or equivalent to California Civil Code § 1542.

B.     Other capitalized terms in this Agreement but not defined in Section II.A shall have the meanings ascribed to them elsewhere in this Agreement.

# III. CERTIFICATION OF THE SETTLEMENT CLASS AND DISMISSAL OF ACTION

### A. Certification of the Settlement Class

1. Defendants hereby consent, solely for purposes of the settlement set forth herein, to (1) the certification of the Settlement Class on a nationwide basis, (2) to the appointment of Class Counsel as counsel for the Settlement Class, and (3) to the conditional approval of Plaintiffs as adequate representatives of the Settlement Class. However, if this Agreement, as drafted, fails to receive Court approval or otherwise fails to be consummated, including, but not limited to, the Judgment not becoming final as provided in Section IX of this Agreement, or a change to the scope of the release as provided in Section VII, then Defendants retain all rights they had immediately preceding the execution of this Agreement. Defendants' retained rights include the right to object to the maintenance of this Litigation as a class action by Class Counsel. In that event, nothing in this Agreement or other papers or proceedings related to the settlement shall be used as evidence or argument by any Party concerning whether the Litigation may properly be maintained as a class action, whether the allegations in the Amended Complaint have any merit, whether the purported class is ascertainable, or whether Class Counsel or the Plaintiffs can adequately represent the Settlement Class Members under applicable law.

### B. Dismissal of Action

Upon final approval of the Settlement by the Court, the Final Judgment and Order Approving Settlement will be entered by the Court, providing for the dismissal of the Action with prejudice.

## IV. SETTLEMENT RELIEF

### A. Settlement Fund and Cash Payments

1. Defendants shall establish the Settlement Fund in the amount of $2,215,000 by depositing with the Settlement Administrator this amount in an account no later than ten (10) court days after the Effective Date. Timing of payment of Attorneys' Fees and Expenses is governed by Section VIII.B.1. Until such time as these funds have been deposited with the Settlement Administrator, Defendants shall be responsible for payment of any costs of administration, with any such amounts paid to be deducted from the $2,215,000 deposited with the Settlement Administrator.

2. The Settlement Fund at all times will be deemed a "qualified settlement fund" within the meaning of United States Treasury Reg. § 1.468B-1. All taxes (including any estimated taxes, and any interest or penalties relating to them) arising with respect to the income earned by the Settlement Fund or otherwise, including any taxes or tax detriments that may be imposed upon Defendants or their counsel with respect to income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for the purpose of federal or state income taxes or otherwise (collectively "Taxes"), will be paid out of the Settlement Fund. Defendants and their counsel, and Plaintiffs and Class Counsel, will have no liability or responsibility for any of the Taxes. The Settlement Fund will indemnify and hold Defendants and their counsel, and Plaintiffs and Class Counsel, harmless for all Taxes (including, without limitation, Taxes payable by reason of any such indemnification).

### B. Settlement Class Members' Cash Recovery

1. Settlement Class Members shall be entitled to a cash refund in the amount of one hundred percent (100%) of any purchase of a Covered Product for which a Proof of Purchase is provided.

2.     If a Class Member does not have Proof of Purchase, the Class Member is entitled to recover for up to eight (8) Covered Product purchases. On the Claim Form, a Class Member must select the Covered Products purchased and the number of Covered Products purchased during the Class Period. The Initial Claim Amount depends on the number and type of Covered Products purchased as described below, and is subject to *pro rata* upward or downward adjustment as described in Section IV.C. The Settlement Administrator will be provided a list of Covered Products and the value of the Covered Products based upon the MSRP. For the purposes of this Agreement, the parties agree that if litigation continued, the damages available to Plaintiffs, if any, would be based in part on a "price premium" theory, whereby Plaintiffs would have attempted to recover the premium paid for the Covered Products due to the complained-of labeling as opposed to the price paid without the complained-of labeling.

(a) Subject to *pro rata* upward or downward adjustment pursuant to Section IV.C, a Class Member who purchased a Covered Product that is valued between $1.99 and $9.99 will receive $5.00 per Covered Product in that range.

(b) Subject to *pro rata* upward or downward adjustment pursuant to Section IV.C, a Class Member who purchased a Covered Product that is valued between $10.00 and $19.99 will receive $10.00 per Covered Product in that range.

(c) Subject to *pro rata* upward or downward adjustment pursuant to Section IV.C, a Class Member who purchased a Covered Product that is valued between $20.00 and $29.99 will receive $15.00 per Covered Product in that range.

(d) Subject to *pro rata* upward or downward adjustment pursuant to Section IV.C, a Class Member who purchased a Covered Product that is valued between $30.00 and $39.99 will receive $20.00 per Covered Product in that range.

(e) Subject to *pro rata* upward or downward adjustment pursuant to Section IV.C, a Class Member who purchased a Covered Product that is valued over $40.00 will receive $25.00 per Covered Product in that range.

      C.      <u>Disbursements from the Settlement Fund</u>

      1.      In accordance with the payment schedule set forth in this Agreement, money from the Settlement Fund shall be applied as follows:

      a.      First, to pay the Notice and Claims Administration Expenses and the Attorneys' Fees and Expenses, all as approved by the Court; and

      c.      Next, to pay Eligible Claims.

The money remaining in the Settlement Fund after the Notice and Claims Administration Expenses, and the Attorneys' Fees and Expenses is the "Net Settlement Fund."

      2.      If the total amount of the timely, valid, and approved Eligible Claims submitted by Settlement Class Members exceeds the available relief, considering any fees, payments, and costs set forth in this Agreement that must also be paid from the Settlement Fund, each eligible Settlement Class Member's Initial Claim Amount shall be proportionately reduced on a *pro rata* basis, such that the aggregate value of the cash payments does not exceed the Settlement Fund balance.

      3.      If, after the payment of all valid Claims, Notice and Administration Expenses, Attorneys' Fees and Expenses, Service Awards, and any other claim, cost, or fee specified by this Agreement, value remains in the Settlement Fund, it shall be called the Residual Settlement Amount.

      4.      The Residual Settlement Amount shall be used to increase eligible Settlement Class Members' relief on a *pro rata* basis. The Settlement Administrator shall determine each authorized Settlement Class Member's *pro rata* share based upon each Settlement

Class Member's Claim Form and the total number of valid Claims. *Pro Rata* distributions from the Residual Settlement Amount shall first be paid to Class Members with a valid proof of purchase, up to 100% value in total of their Claim. If any Residual Settlement Amount remains after that distribution, the remainder will be distributed on a *pro rata* basis to Class Members without a Proof of Purchase, up to up to 100% value in total of their Claim. Accordingly, the actual amount recovered by each Settlement Class Member will not be determined until after the Claim Period has ended and all Claims have been calculated.

5.     It is the Parties' intent to distribute all Settlement Funds to Class Members. However, if there are any funds remaining in the Settlement Fund Balance following the calculation pursuant to the above Sections IV.B or IV.C above, including any checks that were not cashed, then the Settlement Administrator shall distribute the Residual Funds to the following non-profit organization: National Consumer Law Center. An affidavit from National Consumer Law Center is attached as Exhibits E. The Residual Funds will not be returned to Defendants. Defendants represent and warrant that any payment of Residual Funds to any charities, non-profit organizations, or government entities shall not reduce any of their donations or contributions to any entity, charity, charitable foundation or trust, and/or non-profit organization.

6.     To receive Settlement relief, each Settlement Class Member must submit a valid and timely Claim Form either by mail or electronically. The actual amount paid to individual Settlement Class Members will depend upon the number of valid Claims made for Covered Products purchased and a representation made under the penalty of perjury that the purchase(s) occurred in the United States during the Class Period.

7.     For claims without Proof of Purchase, each Settlement Class Member submitting a Claim Form shall sign (either by hand or electronic signature if the claim is submitted

online) and submit a Claim Form that states to the best of his or her knowledge the total number and type of Covered Products that he or she purchased and the approximate date(s) of his or her purchases. The Claim Form shall be signed under an affirmation stating the following or substantially similar language: "I declare, under penalty of perjury, that the information in the Claim Form is true and correct to the best of my knowledge, and that I purchased the Covered Product(s) claimed above in the United States during the Class Period for personal or household use and not for resale. I understand that my Claim Form may be subject to audit, verification, and Court review."

8.     The Claim Form shall advise Settlement Class Members that while Proof of Purchase is not required to submit a claim, the Settlement Administrator has the right to request verification or more information regarding the purchase of the Covered Products for the purpose of preventing fraud. If the Settlement Administrator requests such verification and the Settlement Class Member does not comply in a timely manner or is unable to produce documents or additional information to substantiate the information on the Claim Form and the claim is otherwise not approved, the Settlement Administrator may disqualify the claim.

9.     Claim Forms that do not meet the requirements set forth in this Settlement and in the Claim Form instructions may be rejected. The Settlement Administrator will determine a Claim Form's validity. Where a good-faith basis exists, the Settlement Administrator may reject a Claim Form for, among other reasons: (i) failure to attest to the purchase of the Covered Products; (ii) failure to provide adequate verification or additional information about the Claim pursuant to a request of the Settlement Administrator; (iii) failure to fully complete and/or sign the Claim Form; (iv) failure to submit a legible Claim Form; (v) submission of a fraudulent Claim Form; (vi) submission of a Claim Form that is duplicative of another Claim Form; (vii) submission

of a Claim Form by a person who is not a member of the Settlement Class; (viii) request by a person submitting the Claim Form to pay funds to a person or entity that is not the member of the Settlement Class for whom the Claim Form is submitted; (ix) failure to submit a Claim Form by the end of the Claim Period; or (x) failure to otherwise meet the requirements of this Settlement.

D.     <u>Injunctive Relief</u>

In connection with this Settlement, the service of the CLRA letters, and the filing of the Action, and as a result thereof, Defendants have agreed to the following labeling and advertising changes regarding the Covered Products to address concerns raised by Plaintiffs.  For a period of at least three years:

1.     For as long as Defendants market the Covered Products as "Babyganics" on the front labels, Defendants will include a statement on the front label referring consumers to the back label for clarification of which ingredients are organic and which are not, subject to Section X *infra*.

2.     Defendants will remove the word "natural" from the front label of all Covered Products, subject to Section X *infra*.

3.     For as long as Defendants market the Sunscreen Products as "mineral-based," Defendants will define "mineral-based" on the product page on websites that Defendants maintain to explain that "mineral-based" Sunscreen Products combine the protections of both mineral and non-mineral barriers.  The back labels of the Sunscreen Products will also provide references to Defendants' website.

## V. NOTICE TO THE SETTLEMENT CLASS, COMMUNICATIONS WITH SETTLEMENT CLASS MEMBERS AND REDEMPTION OF SETTLEMENT RELIEF

A.   Class Notice

1.   Defendants shall pay Notice and Claim Administration Expenses up to $416,475.50, to be included as part of the Settlement Fund, including, *inter alia*, reimbursement and/or payment of the total costs reasonably and actually incurred by the Class Action Settlement Administrator in connection with providing notice to and locating Settlement Class Members, providing and processing Claim Forms, receiving requests for exclusions, assisting Settlement Class Members with filing claims, and administering claims.   Any Notice and Claim Administration Expenses that exceed $416,475.50 shall be paid out of the Settlement Fund and Defendants shall not bear further responsibility for such additional expenses.

(a)   The Class Notice shall conform to all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and any other applicable law, and shall otherwise be in the manner and form agreed upon by the Parties and approved by the Court.   Collectively, the Class Notice shall set forth the following information:

(b)   General Terms.  The Class Notice shall:

i.   inform Settlement Class Members that, if they do not exclude themselves from the Settlement Class, they may be eligible to receive the relief under the proposed settlement;

ii.   contain a short, plain statement of the background of the Litigation, the Settlement Class certification, and the proposed settlement;

iii.   describe the proposed settlement relief outlined in this Stipulation;

iv.   explain the impact of the proposed settlement on any existing litigation, arbitration or other proceeding; and

v.        state that any relief to Settlement Class Members is contingent on the Court's final approval of the proposed settlement.

(c)        Notice of Exclusion and Objection Rights.  The Class Notice shall inform Settlement Class Members:

i.        that they may exclude themselves from the Settlement Class by submitting a written exclusion request postmarked no later than 30 days before the date of the Final Approval Hearing;

ii.        that any Settlement Class Member who has not submitted a written request for exclusion may, if he or she desires, object to the proposed settlement by filing and serving no later than thirty (30) days before the Final Approval Hearing, a written statement of objections along with either:  (1) Proof of Purchase of a Covered Product or (2) a statement, sworn to under penalty of perjury, pursuant to 28 U.S.C. § 1746, attesting to the fact that he or she purchased one or more Covered Products during the Settlement Class Period.

iii.        that any Settlement Class Member who has filed and served written objections to the proposed settlement may, if he or she so requests, enter an appearance at the Final Approval Hearing either personally or through counsel;

iv.        that any Judgment entered in the Litigation, whether favorable or unfavorable to the Settlement Class, shall include, and be binding on, all Settlement Class Members, even if they have objected to the proposed settlement and even if they have any other claim, lawsuit or proceeding pending against Defendant; and

v.        of the terms of the release.

2.        No later than thirty-five (35) days following entry of the Preliminary Approval Order, to the extent that Defendants have contact information for Settlement Class Members, Notice and the Claim Form shall be disseminated to Settlement Class Members by U.S. mail or email ("Notice Mailing Date").

3.        No later than thirty-five (35) days after entry of the Preliminary Approval Order, the Class Notice shall be posted on the Settlement Website and, at Class Counsel's option, on the websites of Class Counsel.  The Class Notice shall also be sent via electronic mail or regular

mail to those Settlement Class Members who so request. The Class Notice shall remain available by these means until 101 days after the Court enters the Judgment.

B.     Publication Notice

No later than thirty-five (35) days after entry of the Preliminary Approval Order, the Class Action Settlement Administrator will cause to be published in accordance with the Declaration of Steven Weisbrot, Esq. on Adequacy of Notice Program, attached as Exhibit F, the Short-form Notice, a copy of which is attached as Exhibit C. The Short-form Notice shall also be posted on the Settlement Website until 101 days after the Court enters Judgment.

C.     Retention of Class Action Settlement Administrator

1.     Class Counsel shall, subject to the express written approval of Defendants' Counsel, retain the Class Action Settlement Administrator to help implement the terms of the proposed Stipulation. Subject to the terms set forth in Section V.A, Defendants shall pay all costs associated with the Class Action Settlement Administrator, including costs of providing notice to the Settlement Class Members and processing claims. Consistent with Paragraph V.A, *supra*, the Parties have agreed that the funds deposited in the Settlement Fund will be used to cover Notice and Claim Administration Expenses, that Defendants' responsibility for such expenses is capped at $416,475.50, and that any additional Notice and Claim Administration Expenses will be paid out of the Settlement Fund and not by Defendants. The Settlement Administrator has agreed to cap its Notice and Claim Administration expenses at $416,475.50 as a condition of being retained for this matter.

2.     The Parties have retained Angeion Group, LLC (the "Settlement Administrator") to help implement the terms of the proposed Agreement, as provided herein.

3.     The Class Action Settlement Administrator shall assist with various

administrative tasks, including, without limitation:  (a) mailing or arranging for the mailing or other distribution of the Class Notice and Claim Forms to Settlement Class Members; (b) arranging for publication of the Short-form Notice; (c) handling returned mail not delivered to Settlement Class Members; (d) attempting to obtain updated address information for Settlement Class Members and for any Class Notice packages returned without a forwarding address or an expired forwarding address; (e) making any additional mailings required under the terms of this Stipulation; (f) answering written inquiries from Settlement Class Members and/or forwarding such inquiries to Class Counsel or their designee; (g) receiving and maintaining on behalf of the Court and the Parties any Settlement Class Member correspondence regarding requests for exclusion to the settlement; (h) establishing the Settlement Website that posts notices, Claim Forms and other related documents; (i) receiving and processing claims and distributing payments to Settlement Class Members; and (j) otherwise assisting with administration of the Stipulation.

    4. The contract with the Class Action Settlement Administrator shall obligate the Class Action Settlement Administrator to abide by the following performance standards:

    (a) The Class Action Settlement Administrator shall accurately and neutrally describe, and shall train and instruct its employees and agents to accurately and objectively describe, the provisions of this Agreement in communications with Settlement Class Members;

    (b) The Class Action Settlement Administrator shall provide prompt, accurate and objective responses to inquiries from Class Counsel or their designee, Defendants and/or Defendants' Counsel.

    5. The Settlement Administrator shall gather and review the Claim Forms received pursuant to the Agreement, and fulfill valid claims.  The Settlement Administrator shall

have a rigorous fraud prevention screening program.

(a)     Settlement Class Members who submit a timely and valid Claim Form shall be designated as Authorized Claimants.  The Settlement Administrator shall examine the Claim Form before designating the Settlement Class Member as an Authorized Claimant to determine that the information on the Claim Form is reasonably complete and contains sufficient information to enable the mailing of the Settlement payment to the Settlement Class Member.

(b)     No Settlement Class Member may submit more than one Claim Form.  Claim Forms shall be limited to one per Household.  The Settlement Administrator shall identify any Claim Forms that appear to seek relief on behalf of the same Settlement Class Member ("Duplicate Claims").  The Settlement Administrator shall determine whether there is any duplication of claims, if necessary by contacting the claimant(s) or their counsel.  The Settlement Administrator shall designate any such Duplicative Claims as invalid Claims to the extent they allege the same damages or allege damages on behalf of the same Settlement Class Member.

(c)     The Settlement Administrator shall exercise, in its discretion, all usual and customary steps to prevent fraud and abuse and take any reasonable steps to prevent fraud and abuse in the Claim process.  The Settlement Administrator may, in its discretion, deny in whole or in part, any Claim to prevent actual or possible fraud or abuse.  The Claim Form shall not identify the suggested retail price of each Covered Product.

(d)     By agreement of the Parties, the Parties can instruct the Settlement Administrator to take whatever steps they deem appropriate to preserve the Settlement Fund to further the purposes of the Agreement if the Settlement Administrator identifies actual or possible fraud or abuse relating to the submission of Claims, including, but not limited to, denying in whole or in part, any Claim to prevent actual or possible fraud or abuse.

(e)    The Settlement Administrator shall provide periodic reports to Class Counsel and Defendant's counsel regarding the implementation of the Agreement and this protocol.

## VI.    OBJECTIONS, REQUESTS FOR EXCLUSION, AND MEDIA COMMUNICATIONS

A.    <u>Objections</u>

1.    Any Settlement Class Member who intends to object to the fairness of the Settlement must do so in writing no later than the Objection Date.  Any objection must be in writing, signed by the Settlement Class Member (and his or her attorney, if individually represented), filed with the Court, with a copy delivered to Class Counsel and Defendants' Counsel at the addresses set forth in the Class Notice, no later than the Objection Date. The written objection must include:  (a) a heading which refers to the Action; (b) the objector's name, address, telephone number and, if represented by counsel, of his/her counsel; (c) a declaration submitted under penalty of perjury that the objector purchased Covered Products during the period of time described in the Settlement Class definition or receipt(s) reflecting such purchase(s); (d) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel; (e) a statement of the objection and the grounds supporting the objection; (f) copies of any papers, briefs, or other documents upon which the objection is based; (g) the name and case number of all objections to class action settlements made by the objector in the past five (5) years; and (h) the objector's signature.

2.    Any Settlement Class Member who files and serves a written objection, as described in the preceding Section, may appear at the Final Approval Hearing, either in person or through counsel hired at the Settlement Class Member's expense, to object to any aspect of the fairness, reasonableness, or adequacy of this Agreement, including Attorneys' Fees and Expenses.

Settlement Class Members or their attorneys who intend to make an appearance at the Final Approval Hearing must serve a notice of intention to appear on the Class Counsel identified in the Class Notice, and to Defendant's Counsel, and file the notice of appearance with the Court, no later than twenty (20) days before the Final Approval Hearing, or as the Court may otherwise direct.

        3.      Any Settlement Class Member who fails to comply with the provisions of Section VI.A.1 above shall waive and forfeit any and all rights he or she may have to appear separately and/or to object, and shall be bound by all the terms of this Agreement and by all proceedings, orders and judgments, including, but not limited to, the Release, in the Action.

Class Counsel shall have the right and Defendants shall reserve their right to respond to any objection no later than seven (7) days before the Final Approval Hearing. The Party so responding shall file a copy of the response with the Court, and shall serve a copy, by regular mail, hand or overnight delivery, to the objecting Settlement Class Member or to the individually-hired attorney for the objecting Settlement Class Member; to all class Counsel; and Defendants' Counsel.

        B.      <u>Requests for Exclusion</u>

        1.      Any member of the Settlement Class may request to be excluded from the Settlement Class. A Settlement Class Member who wishes to opt out of the Settlement Class must do so no later than Opt-Out Date. In order to opt out, a Settlement Class Member must send to the Settlement Administrator a written Request for Exclusion that is postmarked no later than the Opt-Out Date. The Request for Exclusion must be personally signed by the Settlement Class Member requesting exclusion and contain a statement that indicates a desire to be excluded from the Settlement Class.

2. Any Settlement Class Member who does not file a timely written Request for Exclusion shall be bound by all subsequent proceedings, orders, and the Final Judgment and Order Approving Settlement in this Action, even if he or she has pending, or subsequently initiates, litigation, arbitration, or any other proceeding against Defendants relating to the Released Claims.

3. Any Settlement Class Member who properly requests to be excluded from the Settlement Class shall not: (a) be bound by any orders or judgments entered in the Action relating to the Agreement; (b) be entitled to an Award from the Settlement Fund, or be affected by the Agreement; (c) gain any rights by virtue of the Agreement; or (d) be entitled to object to any aspect of the Agreement.

4. The Settlement Administrator shall provide Class Counsel and Defendants' Counsel with a final list of all timely Requests for Exclusion within five (5) business days after the Opt-Out Date. Plaintiffs shall file the final list of all timely Requests for Exclusion prior to or at the Final Approval Hearing.

C. <u>Media Communications</u>

1. Following the issuance of a Preliminary Approval Order providing for dissemination of the Class Notice, the Parties agree that they may issue a joint press release. Defendants and Class Counsel may post the joint press release on Defendants' websites and Class Counsel's websites, if they so choose.

2. The Parties agree that representatives of Class Counsel are the sole people authorized to respond on behalf of Plaintiffs to media inquiries or requests for comments with respect to the Settlement or the underlying subject matter. Class Counsel will consult with Defendants' Counsel about the content of any such proposed response, and they will reach an agreement with respect to the same, which agreement shall be consistent with the content and

purposes of this Agreement and the proposed Settlement. Nothing herein shall prevent Class Counsel from responding to class member inquiries regarding the Settlement in a manner consistent with the terms and conditions of this Agreement.

## VII.  RELEASES

A.      As of the Effective Date, Plaintiffs and each Settlement Class Member who has not validly excluded himself or herself from the Settlement Class pursuant to Section VI.B of this Agreement shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons.  The Released Claims shall be construed as broadly as possible to effect complete finality over this litigation involving the advertising, labeling, and marketing of the Covered Products as set forth herein.

B.      In connection with the Released Claims, each Settlement Class Member shall be deemed as of the Effective Date to have waived any and all provisions, rights, and benefits conferred by § 1542 of the California Civil Code and any statute, rule, and legal doctrine similar, comparable, or equivalent to California Civil Code § 1542, which reads as follows:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

C.      Plaintiffs understand that the facts upon which this Agreement is executed may hereafter be other than or different from the facts now believed by Plaintiffs and Class Counsel to be true and nevertheless agree that this Class Settlement Agreement and the Release shall remain effective notwithstanding any such difference in facts.

D.      To the extent permitted by law, this Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or

other proceeding that may be instituted, prosecuted, or attempted in breach of or contrary to this Agreement, or any other action or claim that arises out of the same factual predicate or same set of operative facts as this Action.

## VIII. ATTORNEYS' FEES, COSTS, AND EXPENSES AND CLASS REPRESENTATIVES' SERVICE AWARDS

A.    The award of Attorneys' Fees and Expenses will be paid from the Settlement Fund and as set forth in Section IV.A.1 above.

B.    Class Counsel agrees to make, and Defendants agree not to oppose, an application for the fee and expense award in the Litigation not to exceed a total of $733,333.33 in attorneys' fees and reasonable, actual out-of-pocket expenses ("Fee and Expense Award").

1.    Attorneys' fees and expenses awarded by the Court shall be payable as set forth above no more than 30 days after the Final Approval Order, provided that, pursuant to the terms of the undertaking attached as Exhibit G to this Agreement, any such Attorneys' Fees and Expenses will be repaid to Defendants by Class Counsel should the Effective Date not occur.

C.    In the event of an objection to attorneys' fees by someone other than Defendants, and if Class Counsel makes representations to the Court about the basis for the fee request that Defendants do not agree with, Defendants reserve the right to make additional representations to the Court for purposes of correcting the record.

D.    Class Counsel, in their sole discretion, shall allocate and distribute the Court's Fee and Expense Award in good faith among Class Counsel and Additional Plaintiffs' Counsel in this Litigation.

E.    In addition to the amounts set forth above, Defendants agree not to oppose an application for Plaintiffs' Service Awards in the amount of $3,500 to each of the Plaintiffs.  The

Service Awards to these Plaintiffs will be in addition to the other consideration to the Settlement Class Members, as set forth in Section IV.A above.

F.     All fees and expenses awarded to Class Counsel and incentive awards awarded to Plaintiffs will be paid by Defendants from the $2,215,000 Settlement Fund.

## IX.     FINAL JUDGMENT AND ORDER APPROVING SETTLEMENT

This Agreement is subject to and conditioned upon the issuance by the Court of the Final Judgment and Order Approving Settlement that finally certifies the Settlement Class for the purposes of this Settlement, grants final approval of the Agreement, and provides the relief specified herein, which relief shall be subject to the terms and conditions of the Agreement and the Parties' performance of their continuing rights and obligations hereunder.

## X.     PERMITTED CONDUCT

A.     Subject to the modifications set forth in this Agreement, Class Members and Class Counsel agree that nothing in this Agreement shall prevent Defendants from labeling, marketing, and advertising its products or its product's ingredient(s) as being "organic" when they are made of ingredients listed as "organic," "approved" "certified," or that have been validated or designated as "organic" by the United States Department of Agriculture (USDA) or in accordance with any like state law or regulation.

B.     Nothing in this Agreement shall prohibit or limit Defendants' right or ability to use or permit others to use, in accordance with all applicable laws and regulations, its licenses, logos, taglines, product descriptors, or registered trademarks.

C.     Nothing in this Agreement shall preclude Defendants from making "natural" claims in accordance with applicable FDA, USDA or other federal regulations, or federal agency policy statements, or in accordance with any like state law or regulations.  Specifically, Defendants shall be permitted to use the term "natural" on its labeling of insect repellant provided that the insect

repellent is a minimum risk pesticide under Section 25(b) of the Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA) and 40 C.F.R § 152.25(f) (as amended).

D.      Nothing in this Agreement shall preclude Defendants from making any product formulation, labeling, marketing, advertising, or packaging changes to its products that (i) Defendants reasonably believe are necessary to comply with any changes to any applicable statute, regulation, pronouncement, guidance, or other law of any kind (including but not limited to the Federal Food, Drug and Cosmetic Act; FDA regulations; U.S. Department of Agriculture regulations; Federal Trade Commission regulations; and/or the California Sherman Food, Drug, and Cosmetic Law); or (ii) are necessitated by product changes and/or reformulations to ensure that Defendants provide accurate product descriptions and do not significantly differ from the changes agreed to in this Agreement.

## XI.     REPRESENTATIONS AND WARRANTIES

A.      Defendants represent and warrant:  (1) that they have the requisite corporate power and authority to execute, deliver, and perform the Agreement and to consummate the transactions contemplated hereby; (2) that the execution, delivery, and performance of the Agreement and the consummation by it of the actions contemplated herein have been duly authorized by necessary corporate action on the part of Defendants; and (3) that the Agreement has been duly and validly executed and delivered by Defendants and constitutes its legal, valid, and binding obligation.

B.      Plaintiffs represent and warrant that they are entering into the Agreement on behalf of themselves individually and as proposed representatives of the Settlement Class Members, of their own free will, and without the receipt of any consideration other than what is provided in the Agreement or disclosed to, and authorized by, the Court.  Plaintiffs represent and warrant that they have reviewed the terms of the Agreement in consultation with Class Counsel and believe them to

be fair and reasonable. Class Counsel represent and warrant that they are fully authorized to execute the Agreement on behalf of Plaintiffs.

C.     The Parties warrant and represent that no promise, inducement, or consideration for the Agreement has been made, except those set forth herein.

## XII.    NO ADMISSIONS, NO USE

The Agreement and every stipulation and term contained in it is conditioned upon final approval of the Court and is made for settlement purposes only. Whether or not consummated, this Agreement shall not be: (a) construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission by Plaintiffs, Defendants, any Settlement Class Member or Releasing or Released Party, of the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in any litigation or the deficiency of any claim or defense that has been, could have been, or in the future might be asserted in any litigation, or of any liability, fault, wrongdoing, or otherwise of such Party; or (b) construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any liability, fault or wrongdoing, or in any way referred to for any other reason, by Plaintiffs, Defendants, any Releasing Party or Released Party in the Action or in any other civil, criminal or administrative action or proceeding other than such proceedings as may be necessary to effectuate the provisions of the Agreement.

## XIII.    MISCELLANEOUS PROVISIONS

A.     Entire Agreement:  The Agreement, including all Exhibits hereto, shall constitute the entire Agreement among the Parties with regard to the Agreement and shall supersede any previous agreements, representations, communications, and understandings among the Parties with respect to the subject matter of the Agreement. The Agreement may not be changed,

modified, or amended except in a writing signed by one of Class Counsel and one of Defendants' Counsel and, if required, approved by the Court. The Parties contemplate that the Exhibits to the Agreement may be modified by subsequent agreement of Defendants' and Class Counsel, or by the Court. The Parties may make non-material changes to the Exhibits to the extent deemed necessary, as agreed to in writing by all Parties.

B.     Governing Law:  The Agreement shall be construed under and governed by the laws of the State of New York, applied without regard to laws applicable to choice of law.

C.     Execution in Counterparts:  The Agreement may be executed by the Parties in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Facsimile signatures or signatures scanned to PDF and sent by e-mail shall be treated as original signatures and shall be binding.

D.     Notices:  Whenever this Agreement requires or contemplates that one Party shall or may give notice to the other, notice shall be provided in writing by first class U.S. Mail and email to:

1.    If to Plaintiffs or Class Counsel:

Melissa W. Wolchansky
Amy E. Boyle
Halunen Law
1650 IDS Center, 80 So. 8th Street
Minneapolis, MN 55402
(612)-605-4098
wolchansky@halunenlaw.com
boyle@halunenlaw.com

Charles Joseph LaDuca
Katherine Van Dyck
Cuneo Gilbert & Laduca, LLP
4725 Wisconsin Avenue NW, Suite 200
Washington, DC 20016
(202)-789-3960
kvandyck@cuneolaw.com
charles@cuneolaw.com

Jason P. Sultzer
The Sultzer Law Group PC
77 Water Street, 8th Floor
New York, NY 10005
646-722-4266
sultzerj@thesultzerlawgroup.com

2.    If to Defendants or Defendants' Counsel:

Hannah Y. Chanoine
O'Melveny & Myers LLP
7 Times Square
New York, NY 10036
hchanoine@omm.com; and

E.    Stay of Proceedings:  Upon the execution of this Agreement, all discovery and other proceedings in the Action shall be stayed until further order of the Court, except for proceedings that may be necessary to implement the Agreement or comply with or effectuate the terms of this Settlement Agreement.

F.    Good Faith:  The Parties agree that they will act in good faith and will not engage in any conduct that will or may frustrate the purpose of this Agreement. The Parties further agree,

subject to Court approval as needed, to reasonable extensions of time to carry out any of the provisions of the Agreement.

G.      Binding on Successors:  The Agreement shall be binding upon, and inure to the benefit of, the heirs of the Released Parties.

H.      Arms'-Length Negotiations:  The determination of the terms and conditions contained herein and the drafting of the provisions of this Agreement has been by mutual understanding after negotiation, with consideration by, and participation of, the Parties hereto and their counsel.  This Agreement shall not be construed against any Party on the basis that the Party was the drafter or participated in the drafting.  Any statute or rule of construction that ambiguities are to be resolved against the drafting party shall not be employed in the implementation of this Agreement, and the Parties agree that the drafting of this Agreement has been a mutual undertaking.

I.      Waiver:  The waiver by one Party of any provision or breach of the Agreement shall not be deemed a waiver of any other provision or breach of the Agreement.

J.      Variance:  In the event of any variance between the terms of this Agreement and any of the Exhibits hereto, the terms of this Agreement shall control and supersede the Exhibit(s).

K.      Exhibits:  All Exhibits to this Agreement are material and integral parts hereof and are incorporated by reference as if fully rewritten herein.

L.      Taxes:  No opinion concerning the tax consequences of the Agreement to any Settlement Class Member is given or will be given by Defendants, Defendants' Counsel, Class Counsel, or Plaintiffs' Counsel, nor is any Party or their counsel providing any representation or guarantee respecting the tax consequences of the Agreement as to any Settlement Class Member.

Each Settlement Class Member is responsible for his/her tax reporting and other obligations respecting the Agreement, if any.

M. **Implementation Before Effective Date:** The Parties may agree in writing to implement the Agreement, or any portion thereof, after the entry of the Final Judgment and Order Approving Settlement, but prior to the Effective Date.

N. **Modification in Writing:** This Agreement may be amended or modified only by written instrument signed by one of Class Counsel and one of Defendant's Counsel. Amendments and modifications may be made without additional notice to the Settlement Class Members unless such notice is required by the Court.

O. **Integration:** This Agreement represents the entire understanding and agreement among the Parties and supersedes all prior proposals, negotiations, agreements, and understandings related to the subject matter of this Agreement. The Parties acknowledge, stipulate, and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation, or undertaking concerning any part or all of the subject matter of this Agreement has been made or relied upon except as set forth expressly herein.

P. **Retain Jurisdiction:** The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the agreement embodied in this Agreement.

IN WITNESS WHEREOF, each of the Parties hereto has caused the Agreement to be executed on its behalf by its duly authorized counsel of record, all as of the day set forth below.

Dated: _August 3, 2017_      By: _____
                                              Hannah Y. Chanoine
                                              O'Melveny & Myers LLP
                                              Attorneys for Defendants

Dated: _____      By: _____
                                              Gary R. Akavickas
                                              Manager, VP, and Secretary
                                              Defendant KAS Direct LLC

Dated: _____      By: _____
                                              Gary R. Akavickas
                                              Senior VP, General Counsel, and Secretary
                                              Defendant S.C. Johnson & Son, Inc.

Dated: _____      By: _/s/_____
                                              Melissa Wolchansky, Esq.
                                              Halunen Law
                                              Attorneys for Plaintiff Mayhew and Alibhai
                                              and the Settlement Class Members

Dated: _____      By: _/s/_____

                                              Attorneys for Plaintiff Mayhew and Alibhai
                                              Tara Festa and the Settlement Class Members

Dated: _____      By: _/s/_____

                                              Attorneys for Plaintiff Mayhew and Alibhai
                                              Tara Festa and the Settlement Class Members

IN WITNESS WHEREOF, each of the Parties hereto has caused the Agreement to be executed on its behalf by its duly authorized counsel of record, all as of the day set forth below.

Dated: _____   By: _____
                                  Hannah Y. Chanoine
                                  O'Melveny & Myers LLP
                                  Attorneys for Defendants

Dated: *August 3, 2017*           By: _____   TNG
                                  Gary R. Akavickas
                                  Manager, VP, and Secretary
                                  Defendant KAS Direct LLC

Dated: *August 3, 2017*           By: _____   TNG
                                  Gary R. Akavickas
                                  Senior VP, General Counsel, and Secretary
                                  Defendant S.C. Johnson & Son, Inc.

Dated: _____   By: /s/ _____
                                  Melissa Wolchansky, Esq.
                                  Halunen Law
                                  Attorneys for Plaintiff Mayhew and Alibhai
                                  and the Settlement Class Members

Dated: _____   By: /s/ _____

                                  Attorneys for Plaintiff Mayhew and Alibhai
                                  Tara Festa and the Settlement Class Members

Dated: _____   By: /s/ _____

                                  Attorneys for Plaintiff Mayhew and Alibhai
                                  Tara Festa and the Settlement Class Members

IN WITNESS WHEREOF, each of the Parties hereto has caused the Agreement to be executed on its behalf by its duly authorized counsel of record, all as of the day set forth below.

Dated: _____ By: _____
Hannah Y. Chanoine
O'Melveny & Myers LLP
Attorneys for Defendants

Dated: _____ By: _____
Gary R. Akavickas
Manager, VP, and Secretary
Defendant KAS Direct LLC

Dated: _____ By: _____
Gary R. Akavickas
Senior VP, General Counsel, and Secretary
Defendant S.C. Johnson & Son, Inc.

Dated: _____ By: /s/_____
Melissa Wolchansky, Esq.
Halunen Law
Attorneys for Plaintiff Mayhew and Alibhai
and the Settlement Class Members

Dated: August 4, 2017 By: _____
Katherine Van Dyck, Esq.
Cuneo Gilbert & LaDuca, LLP
Attorneys for Plaintiff Mayhew and Alibhai
Tara Festa and the Settlement Class Members

Dated: _____ By: _____
Attorneys for Plaintiff Mayhew and Alibhai
Tara Festa and the Settlement Class Members

IN WITNESS WHEREOF, each of the Parties hereto has caused the Agreement to be executed on its behalf by its duly authorized counsel of record, all as of the day set forth below.

Dated: _____     By: _____
                                    Hannah Y. Chanoine
                                    O'Melveny & Myers LLP
                                    Attorneys for Defendants

Dated: _____     By: _____
                                    Gary R. Akavickas
                                    Manager, VP, and Secretary
                                    Defendant KAS Direct LLC

Dated: _____     By: _____
                                    Gary R. Akavickas
                                    Senior VP, General Counsel, and Secretary
                                    Defendant S.C. Johnson & Son, Inc.

Dated: __August 4, 2017_____  By: _____
                                    Melissa Wolchansky, Esq.
                                    Halunen Law
                                    Attorneys for Plaintiff Mayhew and Alibhai
                                    and the Settlement Class Members

Dated: _____     By: /s/ _____

                                    Attorneys for Plaintiff Mayhew and Alibhai
                                    Tara Festa and the Settlement Class Members

Dated: _____     By: /s/ _____

                                    Attorneys for Plaintiff Mayhew and Alibhai
                                    Tara Festa and the Settlement Class Members

IN WITNESS WHEREOF, each of the Parties hereto has caused the Agreement to be executed on its behalf by its duly authorized counsel of record, all as of the day set forth below.

Dated: _____     By: _____
                                    Hannah Y. Chanoine
                                    O'Melveny & Myers LLP
                                    Attorneys for Defendants

Dated: _____     By: _____
                                    Gary R. Akavickas
                                    Manager, VP, and Secretary
                                    Defendant KAS Direct LLC

Dated: _____     By: _____
                                    Gary R. Akavickas
                                    Senior VP, General Counsel, and Secretary
                                    Defendant S.C. Johnson & Son, Inc.

Dated: _____     By: /s/_____
                                    Melissa Wolchansky, Esq.
                                    Halunen Law
                                    Attorneys for Plaintiff Mayhew and Alibhai
                                    and the Settlement Class Members

Dated: _August 4, 2017_             By: /s/_____
                                    _Jason P. Sultzer_
                                    Attorneys for Plaintiff Mayhew and Alibhai
                                    Tara Festa and the Settlement Class Members

Dated: _____     By: /s/_____

                                    Attorneys for Plaintiff Mayhew and Alibhai
                                    Tara Festa and the Settlement Class Members

Dated: _8/4/17_      By: _____
                                      Plaintiff Tanya Mayhew

Dated: _____      By: _/s/_____
                                      Plaintiff Tanveer Alibhai

Dated: _____      By: _/s/_____
                                      Plaintiff Tara Festa

Dated: _____ By: /s/ _____
Plaintiff Tanya Mayhew

Dated: _____ By: /s/ _____
Plaintiff Tanveer Alibhai

Dated: 9/4/17 By: /s/ _____
Plaintiff Tara Festa

# EXHIBIT A

# Mayhew, et. al v. KAS Direct, LLC
## Claim Form Instructions

### INSTRUCTIONS FOR COMPLETING THE CLAIM FORM

If you believe you are an eligible Settlement Class Member and you wish to apply for a Settlement benefit, you must complete and submit a Claim Form. Please read the full Class Notice available at **[INSERT WEBSITE]** carefully before completing a Claim Form. You may submit your Claim Form online at the Settlement website or by completing the enclosed Claim Form and mailing it to the Settlement Administrator:

**ONLINE:**     **Visit the Settlement website at: [INSERT WEBSITE] and submit your claim online.**

**MAIL**:          **[INSERT ADDRESS]**

If you submit your Claim Form online, you must do so on or before _____, 2017.  If you are mailing your Claim Form, first-class United States Mail, it must be postmarked no later than _____, 2017.

If you have questions about this Claim Form, please visit the website at **[INSERT WEBSITE]**, or contact the Settlement Administrator via email: [insert email address] or toll-free at [phone number].

### CLAIM FORM REMINDER CHECKLIST

**Before submitting this Claim Form, please make sure you:**

1.  Complete all fields in Section A (Name and Contact Information) of this Claim Form.

2.  List all of the Babyganics Products purchased in Section B of this Claim Form.

3.  YOU MUST sign the Attestation under penalty of perjury in Section C of this Claim Form.

4.  Include copies of your Proof of Purchase documentation that you are submitting in support of your Claim Form. Do not send original documents.

**Please keep a copy of your Claim Form for your records.**

## SECTION A:   NAME AND CONTACT INFORMATION

Provide your name and contact information below. It is your responsibility to notify the Settlement Administrator of any changes to your contact information after the submission of your Claim Form.

|  |  |
|---|---|
| First Name | Last Name |

Street Address

| | | |
|---|---|---|
| City | State | Zip Code |

| | |
|---|---|
| Phone Number | E-Mail Address |

## SECTION B:   BABYGANICS PRODUCT PURCHASE VERIFICATION

Provide the following information regarding Purchases of Babyganics Products you made during the Class Period and indicate which Purchases you are attaching Proof of Purchase documentation. Proof of Purchase means a valid receipt or other documentation reflecting a purchase of a specific Covered Product during the Class Period.

**There is no Product Limit for Products for which Proof of Purchase is provided. Maximum of 8 Products without Proof of Purchase. Limit 1 Claim Form per Household.**

| Product Code | Babyganics Product | # Products Purchased | Approximate Date(s) of Purchase(s) (MM/YYYY) | Proof of Purchase Attached? |
|---|---|---|---|---|
| | | | | |
| | | | | |

**[INSERT LIST OF BABYGANICS PRODUCTS]**

**SECTION C:   ATTESTATION UNDER PENALTY OF PERJURY**

I declare, under penalty of perjury, that the information in the Claim Form is true and correct to the best of my knowledge, and that I purchased the Covered Product(s) claimed above in the United States during the Class Period for personal or household use and not for resale.  I understand that my Claim Form may be subject to audit, verification, and Court review. Neither myself nor anyone from my Household has previously submitted a Claim Form in this Settlement.

|  |
|---|
Signature

|  |
|---|
Date

|  |
|---|
Print Name

**Please note that you will not be eligible to receive any settlement benefits unless you sign above.**

# EXHIBIT B

## If you purchased any Babyganics Products
## Between September 7, 2010 and [DATE OF PRELIMINARY APPROVAL ORDER]
## You May be Eligible to Receive a Payment from a Class Action Settlement.

*A Federal Court authorized this notice.  This is not a solicitation from a lawyer.*

- A proposed nationwide Settlement has been reached in a class action lawsuit involving Babyganics Products.  The Settlement resolves litigation over whether the Defendants allegedly violated state laws regarding the marketing and sale of certain Babyganics Products.

- You may be eligible to participate in the proposed Settlement, if it is finally approved, if you purchased any Babyganics Products between September 7, 2010 and [DATE OF PRELIMINARY APPROVAL ORDER].

- The Settlement will provide payments to those who qualify.  You will need to file a Claim Form to get a payment from the Settlement.

- Your legal rights are affected whether you act, or don't act.  Read this notice carefully.

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| **SUBMIT A CLAIM FORM BY [INSERT DEADLINE]** | This is the only way to get a payment. |
| **EXCLUDE YOURSELF BY [INSERT DEADLINE]** | Get no payment from the Settlement.  This is the only option that allows you to ever be a part of any other lawsuit against the Defendants about the legal claims in this case. |
| **OBJECT BY [INSERT DEADLINE]** | Write to the Court about why you think the settlement is unfair, inadequate, or unreasonable. |
| **GO TO A HEARING [INSERT HEARING DATE]** | Ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | Get no payment.  Give up rights to ever sue the Defendants about the legal claims in this case. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.  The deadlines may be moved, canceled, or otherwise modified, so please check the Settlement Website, [INSERT URL] regularly for updates and further details.

- The Court in charge of this case still has to decide whether to approve the Settlement.  Payments will be made if the Court approves the Settlement and after any appeals are resolved.  Please be patient.

# WHAT THIS NOTICE CONTAINS:

**BASIC INFORMATION**
1.   Why is there a notice?
2.   What is this lawsuit about?
3.   Why is this a class action?
4.   Why is there a Settlement?

**WHO IS IN THE SETTLEMENT?**
5.   How do I know if I am in the Settlement?
6.   Which Products are included in the Settlement?
7.   What if I am still not sure if I am included in the Settlement?

**SETTLEMENT BENEFITS**
8.   What does the Settlement provide?
9.   What can I get from the Settlement?
10.   What am I giving up to stay in the Class?

**HOW TO GET A PAYMENT**
11.   How can I get a payment?
12.   When will I get my payment?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**
13.   How do I get out of the Settlement?
14.   If I don't exclude myself, can I sue the Defendants for the same thing later?
15.   If I exclude myself, can I still get a payment?

**OBJECTING TO THE SETTLEMENT**
16.   How can I tell the Court if I do not like the Settlement?
17.   What is the difference between objecting and excluding?

**THE LAWYERS REPRESENTING YOU**
18.   Do I have a lawyer in this case?
19.   How will the lawyers be paid?

**THE COURT'S FAIRNESS HEARING**
20.   When and where will the Court decide whether to approve the Settlement?
21.   Do I have to come to the hearing?
22.   May I speak at the hearing?

**IF YOU DO NOTHING**
23.   What happens if I do nothing at all?

**GETTING MORE INFORMATION**
24.   How do I get more information?

# BASIC INFORMATION

**1.** **Why is there a notice?**

You have a right to know about a proposed Settlement of a class action lawsuit, and about your options, before the Court decides whether to approve the Settlement.

The Court in charge of this case is the United States District Court for the Southern District of New York (the "Court"), and the case is called *Mayhew et al. v. KAS Direct, LLC*, Case No. 7:16-cv-06981-VB. The individuals who sued are called the Plaintiffs, and the companies they sued, KAS Direct, LLC and S.C. Johnson & Son, Inc., are called the Defendants.

**2.** **What is this lawsuit about?**

The lawsuit alleges that the Defendants violated certain laws in marketing and sales of Babyganics Products.

The Defendants deny any and all wrongdoing of any kind whatsoever, and deny any liability to Plaintiffs and to the Settlement Class.

**3.** **Why is this a class action?**

In a class action, one or more people, called "Class Representatives," sue on behalf of people who have similar claims. All these people are in a "class" or "class members," except for those who exclude themselves from the class. United States District Court Judge Vincent L. Briccetti in the United States District Court for the Southern District of New York is in charge of this class action.

**4.** **Why is there a Settlement?**

The Defendants are not admitting that they did anything wrong and both sides want to avoid the cost of further litigation. The Court has not decided in favor of the Plaintiffs or the Defendants. The Class Representatives and their attorneys think the Settlement is best for everyone who is affected. The Settlement provides the opportunity for Settlement Class Members to receive Settlement benefits.

# WHO IS IN THE SETTLEMENT?

**5.** **How do I know if I am in the Settlement?**

The Settlement Class includes all persons and entities in the United States who made retail purchases of Covered Products from September 7, 2010 to [DATE OF PRELIMINARY APPROVAL ORDER]. Excluded from the Settlement Class are: (a) Defendants' employees, officers, directors, agents, and representatives; (b) those who purchased Covered Products for the purpose of re-sale; (c) federal judges who have presided over this case; and (d) all Persons who have been properly excluded from the Settlement Class.

**6.** **Which Products are included in the Settlement?**

The Covered Products in this Settlement means any Babyganics product, regardless of product line, scent, and/or unit size, marketed and sold by the Defendants in the United States. For a list of eligible Babyganics Products, please visit the Settlement Website, [INSERT URL].

**7.** **What if I am still not sure if I am included in the Settlement?**

If you are not sure whether you are a Settlement Class Member, or have any other questions about the Settlement Agreement, you should visit the Settlement Website, [INSERT URL], or call the toll-free number, [INSERT TOLL FREE NUMBER].

# SETTLEMENT BENEFITS

**8.**     **What does the Settlement provide?**

The Settlement provides for a Settlement Fund in the amount of $2,215,000 to pay (1) Eligible Claims submitted by Settlement Class Members; (2) Attorneys' Fees and Expenses; (3) Notice and Claim Administration Expenses; and (4) any Service Awards made by the Court to Plaintiffs. Settlement Class Members who timely submit valid Claim Forms are entitled to receive a cash payment from the Settlement.  The actual amount recovered by each Settlement Class Member will not be determined until after the Claim Period has ended and all Claims have been calculated.

**9.**     **What can I get from the Settlement?**

If you submit a valid Claim Form by the deadline, you can get a payment from the Settlement.  If, after subtracting from the Settlement Fund amount the Attorneys' Fees and Expenses, Notice and Claim Administration Expenses, and any Service Awards made by the Court to Plaintiffs, the funds remaining are insufficient to pay all of the Approved Claims, then Settlement Class payments will be reduced proportionately.

**10.**     **What am I giving up to stay in the Class?**

Unless you exclude yourself from the Settlement, you cannot sue the Defendants, continue to sue, or be part of any other lawsuit against the Defendants about the claims released in this Settlement.  It also means that all of the decisions by the Court will bind you.  Below is a summary of Released Claims. The full Release is described more fully in the Settlement Agreement and describes exactly the legal claims that you give up if you stay in the Settlement Class.  The Settlement Agreement is available at the Settlement Website, [**INSERT URL**].

Released Claims means, with the exception of claims for personal injury, any and all suits, actions, claims, liens, demands, actions, causes of action, obligations, rights, damages, or liabilities of any nature whatsoever, contingent or absolute, matured or unmatured, including Unknown Claims (as defined below), whether arising under any international, federal, state, or local statute, ordinance, common law, regulation, principle of equity or otherwise, that actually were, or could have been, asserted in the Litigation, including, but not limited to, claims which are based on any assertion or contention that the packaging of Covered Products, including the labels, or Advertising based on the content of those labels were inaccurate, misleading, false, deceptive, or fraudulent. .  Released Claims include claims or potential claims arising from any purchases of the Covered Products from September 7, 2010 to the date of the Court's final approval of the Settlement, including any claims arising after the date of final approval which could be asserted based on labels or advertising in existence as of the date of final approval of the Settlement.

# HOW TO GET A PAYMENT

**11.**     **How can I get a payment?**

To be eligible to receive a payment from the Settlement, you must complete and submit a timely Claim Form. You can complete and submit your Claim Form online at the Settlement Website, [**INSERT URL**]. The Claim Form can be downloaded from the Settlement Website, as well.  You can request a Claim Form be sent to you by sending a written request to the Settlement Administrator by mail or by email.

**MAIL**:     [**INSERT ADDRESS**]

**EMAIL**: [**INSERT EMAIL ADDRESS**]

Please read the instructions carefully, fill out the Claim Form, and mail it postmarked no later than [**INSERT DEADLINE DATE**] to:  Settlement Administrator, [**INSERT ADDRESS**], or submit your Claim Form online at the Settlement Website, [**INSERT URL**], by [**INSERT DEADLINE DATE**].

If you do not submit a valid Claim Form by the deadline, you will not receive a payment.

**12.**     **When will I get my payment?**

Payments will be mailed to Settlement Class Members who send in valid and timely Claim Forms after the Court

grants "final approval" to the Settlement and after any and all appeals are resolved. If the Court approves the Settlement after a hearing on [**INSERT DATE**], there may be appeals. It's always uncertain whether these appeals can be resolved, and resolving them can take time.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from the Settlement, and you want to keep the right to sue or continue to sue the Defendants on your own about the claims released in this Settlement, then you must take steps to get out. This is called excluding yourself—or it is sometimes referred to as "opting out" of the Settlement Class.

**13.** **How do I get out of the Settlement?**

To exclude yourself (or "Opt-Out") from the Settlement, you must complete and mail to the Settlement Administrator a written request that includes the following:

- Your name and address;

- The name of the case: *Mayhew et al. v. KAS Direct, LLC*, Case No. 7:16-cv-06981-VB;

- A statement that you want to be excluded from this Settlement; and

- Your signature. Your exclusion request must be personally signed.

You must mail your exclusion request, postmarked no later than [**INSERT DEADLINE DATE**] to:

[**INSERT ADDRESS**]

If you don't include the required information or submit your request for exclusion on time, you will remain a Settlement Class Member and will not be able to sue the Defendants about the claims in this lawsuit.

**14.** **If I don't exclude myself, can I sue the Defendants for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue the Defendants for the claims that this Settlement resolves. If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately. You must exclude yourself from this Settlement Class to continue your own lawsuit. If you properly exclude yourself from the Settlement Class, you shall not be bound by any orders or judgments entered in the Action relating to the Settlement Agreement.

**15.** **If I exclude myself, can I still get a payment?**

No. You will not get any money from the Settlement if you exclude yourself. If you exclude yourself from the Settlement, do not send in a Claim Form asking for benefits.

## OBJECTING TO THE SETTLEMENT

**16.** **How can I tell the Court if I do not like the Settlement?**

A Settlement Class Member may object to the proposed Settlement. A Settlement Class Member may object to the Settlement either on his or her own without an attorney, or through an attorney hired at his or her expense. Any objection must be in writing, signed by the Settlement Class Member (and his or her attorney, if individually represented), filed with the Court, with a copy delivered to Class Counsel and Defendants' Counsel, at the addresses set forth below, no later than [**INSERT DEADLINE DATE**]. Any objection shall contain a caption or title that identifies it as "Objection to Class Settlement in *Mayhew et al. v. KAS Direc LLC*, Case No. 7:16-cv-06981-VB."

**The written objection must include**: (a) a heading which refers to the Action; (b) the objector's name, address, telephone number, and, if represented by counsel, his/her counsel; (c) a declaration submitted under penalty of perjury that the objector purchased Covered Products during the period of time described in the Settlement Class definition or receipt(s) reflecting such purchase(s); (d) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel; (e) a statement of the objection and the grounds supporting the objection; (f) copies of any papers, briefs, or other documents upon which the objection is based; (g) the name and case number of all objections to class action settlements made by the objector in the past five (5) years; and (h) the objector's signature.

Your objection, along with any supporting material you wish to submit, must be filed with the Court, with a copy delivered to Class Counsel and Defendants' Counsel no later than [**INSERT DEADLINE DATE**] at the following addresses:

| Court | Class Counsel | Class Counsel |
|---|---|---|
| The United States District Court for the Southern District of New York<br>The Hon. Charles L. Brieant Jr. Federal Building and Courthouse<br>300 Quarropas Street<br>White Plains, NY 10601 | Melissa W. Wolchansky<br>Halunen Law<br>1650 IDS Center, 80 So. 8th St.<br>Minneapolis, MN 55402 | Charles Joseph LaDuca<br>Katherine Van Dyck<br>Cuneo Gilbert & LaDuca, LLP<br>4725 Wisconsin Avenue NW,<br>Suite 200<br>Washington, DC 20016 |
| **Class Counsel** | **Defendants' Counsel** | |
| Jason P. Sultzer<br>The Sultzer Law Group PC<br>77 Water Street, 8th Floor<br>New York, NY 10005 | Hannah Y. Chanoine<br>O'Melveny & Myers LLP<br>7 Times Square<br>New York, NY 10036 | |

### 17. <u>What is the difference between objecting and excluding?</u>

Objecting is simply telling the Court that you don't like something about the Settlement. You can object to the Settlement only if you do not exclude yourself from the Settlement. Excluding yourself from the Settlement is telling the Court that you don't want to be part of the Settlement. If you exclude yourself from the Settlement, you have no basis to object to the Settlement because it no longer affects you.

## THE LAWYERS REPRESENTING YOU

### 18. <u>Do I have a lawyer in this case?</u>

Yes. The Court has appointed these lawyers and firms as "Class Counsel," meaning that they were appointed to represent all Settlement Class Members: Melissa W. Wolchansky of Halunen Law; Charles Joseph LaDuca and Katherine Van Dyck of Cuneo Gilbert & LaDuca, LLP; and Jason Sultzer of The Sultzer Law Group PC.

You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 19. <u>How will the lawyers be paid?</u>

Class Counsel intends to file a motion on or before [**INSERT DATE**] seeking $733,333.33, in Attorneys' Fees and Expenses. The fees and expenses awarded by the Court will be paid from the Settlement. The Court will determine the amount of fees and expenses to award. Class Counsel will also request that $3,500.00 be paid from the Settlement to each of the named Plaintiffs who helped the lawyers on behalf of the whole Class.

## THE COURT'S FAIRNESS HEARING

### 20. <u>When and where will the Court decide whether to approve the Settlement?</u>

The Court will hold a Fairness Hearing on [**INSERT DATE**] at the United States District Court for the Southern District of New York, before the Honorable Vincent L. Briccetti, United States District Judge, in Courtroom XXX, in the Hon. Charles L. Brieant Jr. Federal Building and Courthouse, 300 Quarropas Street, White Plains, NY 10601.

At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will also consider how much to pay Class Counsel and the Class Representatives. If there are objections, the Court will consider them at this time. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

**21.** **Do I have to come to the hearing?**

No.  Class Counsel will answer any questions that the Court may have, but you may come at your own expense.  If you send an objection, you don't have to come to Court to talk about it.  As long as you filed and mailed your written objection on time to the proper addresses, the Court will consider it.  You may also pay your own lawyer to attend, but it's not necessary.

**22.** **May I speak at the hearing?**

Yes.  You may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must send a letter saying that it is your "Notice of Intent to Appear."  Please refer to question 16 above for more information.

Your Notice of Intent to Appear must be filed with the Court and served on Class Counsel and Defendants' Counsel no later than **[INSERT DEADLINE DATE]**.

## IF YOU DO NOTHING

**23.** **What happens if I do nothing at all?**

If you do nothing, you will not get a payment from the Settlement.  Unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendant about the legal issues in this case, ever again.

## GETTING MORE INFORMATION

**24.** **How do I get more information?**

This notice summarizes the proposed Settlement.  More details are in the Joint Stipulation of Settlement.  You can review a complete copy the Settlement Agreement and other information at the Settlement Website, **[INSERT URL]**.  If you have additional questions or want to request a Claim Form, you can visit the Settlement Website, **[INSERT URL]**. You can also write to the Settlement Administrator by mail or email, or call toll-free.

**MAIL**:  **[INSERT ADDRESS]**

**EMAIL**:  **[INSERT EMAIL ADDRESS]**

**PHONE**:  **[INSERT TOLL FREE NUMBER]**

Updates will be posted at the Settlement Website, **[INSERT URL]**, as information about the Settlement process becomes available.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE CONCERNING THIS CASE.**

# EXHIBIT C

**If you purchased any Babyganics Products, you may be eligible to receive a payment from a class action Settlement.**

If you purchased any Babyganics Products, you may be eligible to receive a payment from a Class Action Settlement. The Action alleged that defendants KAS Direct LLC and S.C. Johnson & Son, Inc. violated state laws regarding the marketing and sales of Babyganics Products. Defendants deny any and all wrongdoing of any kind whatsoever and deny any liability to Plaintiffs and to the Settlement Class. The Court has not decided who is right. Both sides have agreed to settle the dispute and provide an opportunity for payments and other benefits to Settlement Class Members. The case is called *Mayhew, et. al v. KAS Direct, LLC*, Case No. 7:16-cv-06981-VB.

**WHO IS INCLUDED IN THE SETTLEMENT?**
All persons and entities in the United States who made retail purchases of Covered Products from September 7, 2010 to [**DATE OF PRELIMINARY APPROVAL ORDER**]. Covered Products means any Babyganics product, regardless of product line, scent, and/or unit size, marketed and sold by the Defendants in the United States. More information about the Babyganics products involved in the Settlement is available at the Settlement Website, [**INSERT URL**], or by calling [**INSERT TOLL FREE NUMBER**].

**WHAT DOES THE SETTLEMENT PROVIDE?**
The Settlement provides for a Settlement Fund in the amount of $2,215,000 to pay (1) Eligible Claims submitted by Settlement Class Members; (2) Attorneys' Fees and Expenses; (3) Notice and Claim Administration Expenses; and (4) any Service Awards made by the Court to Plaintiffs. Settlement Class Members who timely submit valid Claim Forms are entitled to receive a cash payment from the Settlement. The actual amount recovered by each Settlement Class Member will not be determined until after the Claim Period has ended and all claims have been calculated.

**WHAT ARE MY RIGHTS?**
<u>**Submit a Claim Form**</u>. If you wish to participate in the Settlement and be eligible to receive benefits under the Settlement, you **must** fill out and submit a Claim Form by [**INSERT DEADLINE DATE**]. You can obtain a Claim Form by (1) Visiting the Settlement Website, [**INSERT URL**], where you can file your claim online or print a Claim Form to submit by mail; (2) Mailing a written request for a Claim Form to the Settlement Administrator: [**INSERT ADDRESS**]; or (3) Emailing the Settlement Administrator at [**INSERT EMAIL ADDRESS**]. If you do not timely submit a valid Claim Form and do not exclude yourself from the Settlement, you will be bound by the Settlement but will not receive any benefits of the Settlement.

<u>**Object to the Settlement**</u>. If you do not agree with the Settlement or any part of it, you may submit a written objection to the Court. The deadline for submitting an objection is [**INSERT DEADLINE DATE**].

<u>**"Opt Out" or Exclude Yourself from the Settlement**</u>. If you don't want to be legally bound by the Settlement, you must exclude yourself by [**INSERT DEADLINE DATE**], or you won't be able to sue, or continue to sue, the defendants about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. The Class Notice, available at [**INSERT URL**], explains how to exclude yourself or object. If you do nothing you will be bound by the Court's decisions.

**THE COURT'S FINAL APPROVAL HEARING**
The Court will hold a hearing on [**INSERT DATE AND TIME**] to consider whether to approve the Settlement, Class Counsel's request for Attorneys' Fees and Expenses up to $733,333.33, and Service Awards for the Plaintiffs totaling $10,500, from the Settlement Fund. You or your own lawyer may appear and speak at the hearing at your own expense.

**FOR MORE INFORMATION**
**Call Toll-Free [INSERT TOLL FREE NUMBER] or visit [INSERT URL]**

# EXHIBIT D

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Tanya Mayhew, Tanveer Alibhai, and Tara Festa, :
individually on behalf of themselves and all others :
similarly situated, :
                                    :   Case No. 16 CV 6981 (VB)
                                      :
              Plaintiffs, :
                                      :   **[PROPOSED] ORDER GRANTING**
v.                                    :   **PRELIMINARY APPROVAL OF**
                                      :   **SETTLEMENT, APPROVAL OF FORM**
                                      :   **NOTICE, AND SCHEDULING OF FINAL**
                                      :   **APPROVAL HEARING**
KAS DIRECT, LLC and S.C. JOHNSON &
SON, INC.,

              Defendants.

Upon consideration of Plaintiffs Tanya Mayhew, Tanveer Alibhai, and Tara Festa's Unopposed Motion for Preliminary Approval of Settlement, Approval of Form Notice, and Scheduling of Final Approval Hearing, the motion hearing before this Court on September 6, 2017, and the entire record herein, the Court grants preliminary approval of the Settlement contained in the Parties' Settlement Agreement upon the terms and conditions set forth in this Order. Capitalized terms and phrases in this Order shall have the same meaning they have in the Settlement Agreement. The Court makes the following:

## FINDINGS OF FACT

1.     Plaintiffs brought their Unopposed Motion for Preliminary Approval of Settlement, Approval of Form Notice, and Scheduling of Final Approval Hearing before the Court on September 6, 2017, with the consent of KAS Direct, LLC ("Defendant").

2.     Plaintiffs filed their Complaint against Defendant on September 7, 2016 (the "Action") in the United States District Court for the Southern District of New York. The Action

1

alleges that Babyganics' name conveys the Products are organic when they are not, and that Babyganics' mineral-based sunscreen's labeling is misleading as the sunscreen contains both mineral and chemical ingredients.

3.      On August 4, 2017, Plaintiffs filed their First Amended Class Action Complaint, naming S.C. Johnson as a Defendant.  In the Amended Complaint, Plaintiffs allege that Defendants misleadingly marketed their Babyganics line of home and personal care products (1) with the brand name "Babyganics," (2) in the case of certain sunscreens, with the term "Mineral-Based," and (3) with the term "Neonourish Natural Seed Oil"; and that Defendants' marketing of the Products in this manner caused Plaintiffs to pay a price premium for the Products.

4.      The Parties conducted an extensive and thorough examination, investigation, and evaluation of the relevant law, facts, and allegations to assess the merits of the potential claims to determine the strength of both defenses and liability sought in the Action.

5.      The Parties engaged in pre-mediation and confirmatory discovery, where Defendants provided Plaintiffs with sales information and label information.

6.      In addition, Class Counsel evaluated the various state consumer protection laws, as well as the legal landscape, to determine the strength of the claims, the likelihood of success, and the parameters within which courts have assessed settlements similar to the proposed Settlement.

7.      The Parties have entered into a Settlement Agreement in which the Parties have agreed to settle the Action, pursuant to the terms of the Settlement Agreement, subject to the approval and determination by the Court as to the fairness, reasonableness, and adequacy of the Settlement, which, if approved, will result in dismissal of the Action with prejudice; and the Court having reviewed the Settlement Agreement, including the exhibits attached thereto, and all prior proceedings herein, and having found good cause based on the record,

THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED as follows:

1. **<u>Stay of the Action.</u>** All non-settlement-related proceedings in the Action are hereby stayed and suspended until further order of the Court.

2. **<u>Preliminary Class Certification for Settlement Purposes Only.</u>** Having made the findings set forth below, the Court hereby preliminarily certifies a plaintiff class for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), in accordance with the terms of the Settlement Agreement (the "Settlement Class"). The Court preliminarily finds, based on the terms of the Settlement described in the Settlement Agreement and for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are issues of law and fact that are typical and common to the Class, and that those issues predominate over individual questions; (c) a class action on behalf of the certified Class is superior to other available means of adjudicating this dispute; and (d) as set forth below, Plaintiffs and Class Counsel are adequate representatives of the Class. If the Court does not grant final approval of the Settlement set forth in the Settlement Agreement, or if the Settlement set forth in the Settlement Agreement is terminated in accordance with its terms, then the Settlement Agreement, and the certification of the Settlement Class provided for herein, will be vacated and the Action shall proceed as though the Settlement Class had never been certified, without prejudice to any party's position on the issue of class certification or any other issue. Defendants retain all rights to assert that the Action may not be certified as a class action, other than for settlement purposes.

3. **<u>Class Definition.</u>** The Settlement Class is defined as all persons or entities in the United States who made retail purchases of Covered Products during the Settlement Class Period. Specifically excluded from the Settlement Class are: (a) Defendants' employees, officers,

directors, agents, and representatives; (b) those who purchased Covered Products for the purpose of re-sale; (c) federal judges who have presided over this case; and (d) all Persons who have been properly excluded from the Settlement Class.

4. **Class Representatives and Class Counsel.** The Court appoints Jason P. Sultzer of The Sultzer Law Group PC; Charles Joseph LaDuca and Katherine Van Dyck of Cuneo Gilbert & LaDuca, LLP; and Melissa W. Wolchansky and Amy Boyle of Halunen Law as counsel for the Settlement Class. Tanya Mayhew, Tanveer Alibhai, and Tara Festa are hereby appointed as Class Representatives.

5. **Preliminary Settlement Approval.** The Court preliminarily approves the Settlement set forth in the Settlement Agreement as being within the range of possible approval as fair, reasonable, and adequate, within the meaning of Rule 23 and the Class Action Fairness Act of 2005, subject to final consideration at the Fairness Hearing provided for below. Accordingly, the Settlement Agreement is sufficient to warrant sending notice to the Class.

6. **Jurisdiction.** The Court has subject-matter jurisdiction over the Action pursuant to 28 U.S.C. §§ 1332 and 1367 and personal jurisdiction over the Parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391.

7. **Fairness Hearing.** A Fairness Hearing shall be held on _____, __, 2017 at __:__ _.m. at the United States District Court for the Southern District Court of New York in the Courtroom __ on the __ floor, to determine, among other things: (a) whether the Action should be finally certified as a class action for settlement purposes pursuant to Rule 23(a) and (b)(3); (b) whether the Settlement of the Action should be finally approved as fair, reasonable, and adequate pursuant to Rule 23(e); (c) whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) whether Settlement Class Members should be bound by

the release set forth in the Settlement Agreement; (e) whether Settlement Class Members and related persons should be permanently enjoined from pursuing lawsuits based on the transactions and occurrences at issue in the Action; (f) whether the application of Plaintiffs' Counsel for an award of Attorneys' Fees and Expenses should be approved pursuant to Rule 23(h); and (g) whether the application of the named Plaintiffs for Service Awards should be approved. The submissions of the Parties in support of the Settlement, including Plaintiffs' Counsel's application for Attorneys' Fees and Expenses and Service Awards, shall be filed with the Court no later than fourteen (14) days prior to the deadline for submission of objections and may be supplemented up to seven (7) days prior to the Fairness Hearing.

8.      **Administration.** In consultation with, and with the approval of, Defendants, Class Counsel is hereby authorized to establish the means necessary to administer the Proposed Settlement and implement the Claim Process, in accordance with the terms of the Settlement Agreement.

9.      **Class Notice.** The proposed Class Notice, Summary Settlement Notice, the notice methodology described in the Settlement Agreement and in the Declaration of Steven Weisbrot, Esq. on Adequacy of Notice Program ("Weisbrot Declaration") are hereby approved.

a.      Pursuant to the Settlement Agreement, the Court appoints Angeion Group, LLC to be the Claims Administrator to help implement the terms of the Settlement Agreement.

b.      No later than thirty-five (35) days after the entry of the Preliminary Approval Order, the Claims Administrator shall cause the Notice Plan to commence as described in the Weisbrot Declaration. Specifically, the Claims Administrator shall establish a website that will inform Settlement Class Members of the terms of the Settlement Agreement, their rights, dates

and deadlines, and related information. The website shall include materials agreed upon by the Parties and as further ordered by this Court.

       c.      Not later than thirty-five (35) days after the entry of the Preliminary Approval Order, the Claims Administrator shall establish a toll-free telephone number that will provide Settlement-related information to Settlement Class Members.

       d.      The Claims Administrator shall disseminate any remaining notice, as stated in the Settlement Agreement and the Declaration of the Claims Administrator.

       e.      Not later than ten (10) calendar days before the date of the Fairness Hearing, the Claims Administrator shall file a declaration or affidavit with the Court that: (i) includes a list of those persons who have opted out or excluded themselves from the Settlement; and (ii) attests to the proper implementation of the Notice Plan.

       f.      No later than ten (10) calendar days after this Agreement is filed with the Court, Defendants shall mail or cause the items specified in 28 U.S.C. § 1715(b) to be mailed to each State and Federal official, as specified in 28 U.S.C. § 1715(a).

       10.    **Findings Concerning Notice.** The Court finds that the form, content, and method of giving notice to the Class as described in paragraph 9 of this Order: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including but not limited to their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the

Due Process Clause(s) of the United States Constitution. The Court further finds that all of the notices are written in simple terminology, are readily understandable by Settlement Class Members, and are materially consistent with the Federal Judicial Center's illustrative class action notices.

11. **Exclusion from Settlement Class.** Any Settlement Class Member who wishes to be excluded from the Class may elect to opt out of the Settlement under this Agreement. Settlement Class Members who opt out of the Settlement will not release their claims for damages that accrued during the Class Period. Settlement Class Members wishing to opt out of the Settlement must send to the Class Action Claims Administrator by U.S. Mail a personally signed letter including their name and address and providing a clear statement communicating that they elect to be excluded from the Settlement Class. Any request for exclusion for opt-out must be postmarked on or before the Opt-Out Date specified in this Preliminary Approval Order. Any potential Settlement Class Member who does not file a timely written request for exclusion shall be bound by all subsequent proceedings, orders, and judgements, including, but not limited to, the release in the Settlement Agreement, even if he or she has litigation pending or subsequently initiates litigation against Defendants relating to the claims and transactions released in this Action.

12. **Objections and Appearances.** Any Settlement Class Member who intends to object to the fairness of the Settlement must do so in writing no later than the Objection Date. Any objection must be in writing, signed by the Settlement Class Member (and his or her attorney, if individually represented), and filed with the Court, with a copy delivered to Class Counsel and Defendants' Counsel at the addresses set forth in the Class Notice, no later than the Objection Date. The written objection must include: (a) a heading which refers to the Action; (b) the objector's name, address, telephone number and, if represented by counsel, of his/her counsel; (c)

a declaration submitted under penalty of perjury that the objector purchased Covered Products during the period of time described in the Settlement Class definition or receipt(s) reflecting such purchase(s); (d) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel; (e) a statement of the objection and the grounds supporting the objection; (f) copies of any papers, briefs, or other documents upon which the objection is based; (g) the name and case number of all objections to class action settlements made by the objector in the past five (5) years; and (h) the objector's signature.

Any Settlement Class Member who files and serves a written objection, as described in the preceding Section, may appear at the Final Approval Hearing, either in person or through counsel hired at the Settlement Class Member's expense, to object to any aspect of the fairness, reasonableness, or adequacy of this Agreement, including Attorneys' Fees and Expenses and Service Awards. Settlement Class Members or their attorneys who intend to make an appearance at the Final Approval Hearing must serve a notice of intention to appear on the Class Counsel identified in the Class Notice, and to Defendant's Counsel, and file the notice of appearance with the Court, no later than twenty (20) days before the Final Approval Hearing, or as the Court may otherwise direct.

Any Settlement Class Member who fails to comply with Section VI.A of the Agreement shall waive and forfeit any and all rights he or she may have to appear separately and/or to object, and shall be bound by all the terms of this Agreement and by all proceedings, orders and judgments, including, but not limited to, the Release, in the Action.

Class Counsel shall have the right, and Defendants shall reserve their right to respond to any objection no later than seven (7) days before the Final Approval Hearing. The Party so responding shall file a copy of the response with the Court and shall serve a copy, by regular mail,

hand or overnight delivery, to the objecting Settlement Class Member or to the individually-hired attorney for the objecting Settlement Class Member; to all class Counsel; and Defendants' Counsel.

13. **Disclosures.** The Settlement Administrator, Defendants' Counsel, and Class Counsel shall promptly furnish to each other copies of any and all objections or written requests for exclusion that might come into their possession.

14. **Termination of Settlement.** This Order shall become null and void and shall not prejudice the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if: (a) the Settlement is not finally approved by the Court or does not become final, pursuant to the terms of the Settlement Agreement; (b) the Settlement is terminated in accordance with the Settlement Agreement; or (c) the Settlement does not become effective as required by the terms of the Settlement Agreement for any other reason. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose.

15. **Nationwide Stay and Preliminary Injunction.** Effective immediately, any actions or proceedings pending in any state or federal court in the United States involving the labeling or marketing of Defendants' Products, except any matters necessary to implement, advance, or further approval of the Settlement Agreement or settlement process, are stayed pending the final Fairness Hearing and the issuance of a final order and judgment in this Action.

In addition, pending the final Fairness Hearing and the issuance of a final order and judgment in this Action, all members of the Settlement Class and their legally authorized

representatives are hereby preliminarily enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding or order in any jurisdiction arising out of or relating to the Products or the facts and circumstances at issue in the Action.

Also, pending the final Fairness Hearing and issuance of a final order and judgment in this Action, all members of the Settlement Class and their legally authorized representatives are hereby preliminarily enjoined from filing, commencing, prosecuting, or maintaining any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action in any jurisdiction), on behalf of members of the Settlement Class, if such other class action is based on or relates to Defendants' Products.

Under the All Writs Act, the Court finds that issuance of this nationwide stay and injunction is necessary and appropriate in aid of the Court's jurisdiction over this Action. The Court finds no bond is necessary for issuance of this injunction.

16. **Effect of Settlement Agreement and Order.** Plaintiffs' Counsel, on behalf of the Settlement Class, and Defendants entered into the Agreement solely for the purpose of compromising and settling disputed claims. This Order shall be of no force or effect if the Settlement does not become final and shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability. The Settlement Agreement, the documents relating to the Settlement Agreement, and this Order are not, and should not in any event be (a) construed, deemed, offered, or received as evidence of a presumption, concession, or admission on the part of Plaintiffs, Defendants, any member of the Settlement Class or any other person; or (b) offered or received as evidence of a presumption,

concession or admission by any person of any liability, fault, or wrongdoing, or that the claims in the Action lack merit or that the relief requested is inappropriate, improper, or unavailable for any purpose in any judicial or administrative proceeding, whether in law or in equity.

17. **Retaining Jurisdiction.** This Court shall maintain continuing jurisdiction over these settlement proceedings to assure the effectuation thereof for the benefit of the Class.

18. **Continuance of Hearing.** The Court reserves the right to adjourn or continue the Fairness Hearing without further written notice.

The Court sets the following schedule for the Fairness Hearing and the actions which must precede it:

a. Plaintiffs shall file their Motion for Final Approval of the Settlement by no later than [44 days before the Fairness Hearing] _____.

b. Plaintiffs shall file their Motion for Attorneys' Fees, Costs and Expenses, and Motion for Incentive Awards by no later than [44 days before the Fairness Hearing] _____.

c. Settlement Class Members must file any objections to the Settlement and the Motion for Attorneys' Fees, Costs, and Expenses, and the Motion for Incentive Awards by no later than [30 days before the Fairness Hearing] _____.

d. Settlement Class Members must exclude themselves, or opt-out, from the Settlement by no later than [30 days before the Fairness Hearing] _____.

e. Settlement Class Members who intend to appear at the Final Fairness Hearing must file a Notice of Intention to Appear at the Final Fairness Hearing by no later than [20 days before the Fairness Hearing] _____.

f.  The Claims Administrator shall file a declaration or affidavit with the Court that confirms the implementation of the Notice Plan pursuant to the Preliminary Approval Order [10 days before the Fairness Hearing] _____ _____.

g.  Class Counsel and Defendant's Counsel shall have the right to respond to any objection no later than [7 days before the Fairness Hearing] _____.

h.  The Fairness Hearing will take place on [no less than 100 days from the date of Preliminary Approval] _____ at __:__ _.m. at the United States District Court for the Southern District Court of New York in the Courtroom __ on the __ floor.

**SO ORDERED**

_____
Honorable Vincent L. Briccetti
United States District Judge

# EXHIBIT E

1  Melissa W. Wolchansky, Esq.
   c/o Halunen Law
2  80 South 8th Street | IDS Center | Suite 1650
   Minneapolis, MN 55402
3  Email: wolchansky@halunenlaw.com
   Telephone: (612) 548-5286
4  Facsimile: (612) 605-4099

5

6

7

8              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF NEW YORK
9

10                                    )   Case No. 7:16-cv-06981
                                      )
11  Tanveer Alibhai, Tanya Mayhew     )
              Plaintiffs,             )   DECLARATION OF RICHARD DUBOIS IN
12                                    )   SUPPORT OF MOTION FOR
              v.                      )   PRELIMINARY APPROVAL OF CLASS
13                                    )   SETTLEMENT
    KAS Direct, LLC                   )
14                                    )
              Defendants.             )   JUDGE: VINCENT L. BRICCETTI
15  _____  )
                                      )
16                                    )
                                      )
17                                    )

18

19

20

21

22

23

24

25

26

27

28

I, Richard Dubois, declare as follows:

1.     I have personal knowledge of the facts in this Declaration and, if called as a witness, I could and would competently testify to these facts.

2.     I am Executive Director of the National Consumer Law Center ("NCLC").  As Executive Director of NCLC, I am responsible for priority setting, project assignments, and quality of work at the organization, and direct all research, policy, and advocacy projects, as well as Center policy-making, hiring, fundraising, and budgetary planning.  I have been with NCLC since 1997, having previously served as Deputy Director, as Director of Development and Project Planning, and as an attorney focusing on foreclosure prevention and sustainable homeownership issues.  I have also been a co-author or contributing author of a number of NCLC materials, including NCLC's treatise *Consumer Warranty Law*.

3.     NCLC is a 501(c)(3) nonprofit organization dedicated to consumer protection and the promotion of fairness and justice in the marketplace.  NCLC was founded at the Boston College School of Law in 1969, and employs many attorneys and advocates with 20 or more years of specialized experience in consumer law.

4.     For more than four decades, NCLC has been a leading source of legal and public policy expertise on consumer issues for lawyers, federal and state policymakers, consumer advocates, journalists, and front-line providers of community services.  With a goal of protecting consumers from, and redressing injuries caused by inaccurate, false and misleading statements or omissions by businesses, NCLC has trained and advised thousands of advocates on consumer legal issues, appeared in cases throughout the nation, worked with state and federal commissions and legislatures, written investigative reports, and published leading legal practice manuals and consumer guides.

5.     In addition to producing these materials, NCLC trains thousands of attorneys and other advocates every year at workshops, conference presentations, and webinars.  By ensuring that practitioners and advocates can understand and apply the existing legal framework, these trainings protect consumers.

6. NCLC also produces books and other educational materials intended for consumers themselves, and for our large network of lay advocates and service providers. Written in clear and direct language, these materials give practical advice on consumer rights.

7. NCLC also responds to requests from journalists for information and disseminates papers on important consumer issues. We are consulted, and quoted regularly by The New York Times, The Wall Street Journal, USA Today, The Los Angeles Times, The Washington Post, National Public Radio, and other major news organizations. We work with the media to alert consumers to potentially misleading business practices, and to provide tips on practical steps that the public can take to obtain relief from (or not be harmed by) improper business conduct.

8. NCLC's treatises, of which there are 20, are considered to be 'consumer law bibles' and are used by thousands of attorneys and consumers alike.

9. NCLC shares its expertise with thousands of consumer attorneys nationwide. For example, NCLC maintains 20 different email groups on consumer law issues, where attorneys exchange information and guidance on complex legal issues. Over 3,500 consumer attorneys participate in the email groups. Over the past 10 years, our annual Consumer Rights Litigation Conference (CRLC), Fair Debt Collection Practices (FDCP) and Mortgage conferences have attracted well over 11,000 consumer attorneys. These conferences provide attorneys with practical information and advice that can be used to help individual consumers who have been taken advantage of in the marketplace.

10. NCLC has received over 400 cy pres and class action settlement awards since 1997. These awards have funded activities that include consumer protection policy analysis, advocacy (including writing special reports and producing model statutory language), and raising public awareness of rights and remedies available under existing consumer protection law.

11. NCLC will not use any of the funds awarded from this specific case for the purpose of engaging in litigation or programming for consumer class action attorneys.

12. Attached, as Exhibit 1, to this declaration is a brochure and a written overview further highlighting NCLC's organizing principles, activities, and mission, as well as a letter

1  provided to NCLC by the IRS indicating that NCLC is a tax exempt Section 501(3)(c)

2  organization pursuant to the IRS Code.

3       13.    I declare under penalty of perjury under the laws of the United States of America

4  that the foregoing is true and correct.

5      Executed this 2nd day of August 2017, at ___Boston, Mass.___

6

7  _____

    Richard Dubois

8

9  NCLC | NATIONAL CONSUMER LAW CENTER

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x
TANYA MATTHEW and TANVEER ALIBHAI,       :       Case No. 7:16-cv-06981
Individually and on behalf of themselves and others  :
similarly situated,                        :
               *Plaintiffs,*       :
                               :
v.                                 :
                               :
KAS Direct, LLC,                    :
               *Defendant*      :
------------------------------------------------------------------------ x

## DECLARATION OF STEVEN WEISBROT, ESQ. ON ADEQUACY OF NOTICE PROGRAM

STEVEN WEISBROT, ESQ., of full age, hereby declares under penalty of perjury as follows:

1.     I am a Principal at the class action notice and Settlement Administration firm Angeion Group, LLC ("Angeion"). I am fully familiar with the facts contained herein based upon my personal knowledge.

2.     I have been responsible in whole or in part for the design and implementation of hundreds of class action administration plans and have taught numerous Accredited Continuing Legal Education courses on the Ethics of Legal Notification in Class Action Settlements, using Digital Media in Class Action Notice Programs, as well as Class Action Claims Administration, generally. Additionally, I am the author of frequent articles on Class Action Notice, Digital Media, Class Action Claims Administration and Notice Design in publications such as *Bloomberg, BNA Class Action Litigation Report*, Law360, the ABA Class Action and Derivative Section Newsletter and private law firm publications. I have given testimony to the Judicial Conference Committee on Rules of Practice and Procedure on the role of direct mail, email, digital media and print publication, in effectuating Due Process notice, and I have met with representatives of the Federal

Judicial Center, to discuss the proposed amendments to Rule 23 and suggested educational programs for the judiciary concerning class action notice procedures if they are adopted.

3.     Prior to joining Angeion's executive team, I was employed as Director of Class Action services at Kurtzman Carson Consultants ("KCC"), a nationally recognized class action notice and settlement administrator. Prior to my notice and claims administration experience, I was employed in private law practice and I am currently an attorney in good standing in the State of New Jersey and the Commonwealth of Pennsylvania.

4.     My notice work comprises a wide range of class actions that includes product defect, false advertising, employment, antitrust, tobacco, banking, firearm, insurance, and bankruptcy cases. Likewise, I have been instrumental in infusing digital and social media, as well as big data and advanced targeting into class action notice programs. For example, the Honorable Sarah Vance stated in her December 31, 2014 Order in *In Re: Pool Products Distribution Market Antitrust Litigation MDL* **No. 2328 (E.D. La.):**

*To make up for the lack of individual notice to the remainder of the class, the parties propose a print and web-based plan for publicizing notice. The Court welcomes the inclusion of web-based forms of communication in the plan…. The Court finds that the proposed method of notice satisfies the requirements of Rule 23(c)(2)(B) and due process.*

*The direct emailing of notice to those potential class members for whom Hayward and Zodiac have a valid email address, along with publication of notice in print and on the web, is reasonably calculated to apprise class members of the settlement.*

Likewise, in *In Re: Ashley Madison Customer Data Security Breach Litigation*, **MDL No. 2669, Case No. 4:15-MD-02669-JAR:**

The Honorable John A. Ross (July 21, 2017) *The Court further finds that the method of disseminating Notice, as set forth in the Motion, the Declaration of Steven Weisbrot, Esq. On Adequacy of Notice Program, dated July 13, 2017, and the Parties' Stipulation—including an extensive and targeted publication campaign composed of both consumer magazine publications in People and Sports Illustrated, as well as serving 11,484,000 highly targeted digital banner ads to reach the prospective class members that will deliver approximately 75.3% reach with an average frequency of 3.04 —is the best method of notice practicable under the circumstances and satisfies all requirements provided in Rule 23(c)(2)(B) and all Constitutional requirements including those of due process.*

*The Court further finds that the Notice fully satisfies Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process; provided, that the Parties, by agreement, may revise the Notice, the Claim*

*Form, and other exhibits to the Stipulation, in ways that are not material or ways that are appropriate to update those documents for purposes of accuracy.*

As detailed below, courts have repeatedly recognized my work in the design of class action notice programs:

(a) For example, on February 24, 2017, in ***James Roy et al. v. Titeflex Corp. et al.***, 384003V (Md. Cir. Ct. 2013), the Honorable Ronald B. Rubin, noted when granting preliminary approval to the settlement: "*What is impressive to me about this settlement is in addition to all the usual recitation of road racing litanies is that there is going to be a) public notice of a real nature and b) about a matter concerning not just money but public safety and then folks will have the knowledge to decide for themselves whether to take steps to protect themselves or not. And that's probably the best thing a government can do is to arm their citizens with knowledge and then the citizens can make decision. To me that is a key piece of this deal. **I think the notice provisions are exquisite.** (emphasis added).*

(b) Likewise, on May 12, 2016 in his Order granting preliminary approval of the settlement in ***In Re Whirlpool Corp. Front Loading Washer Products Liability Litigation* (MDL No. 2001) (N.D. Ohio),** The Honorable Christopher A. Boyko stated:

*The Court, having reviewed the proposed Summary Notices, the proposed FAQ, the proposed Publication Notice, the proposed Claim Form, and the proposed plan for distributing and disseminating each of them, finds and concludes that the proposed plan for distributing and disseminating each of them will provide the best notice practicable under the circumstances and satisfies all requirements of federal and state laws and due process.*

(c) ***Sateriale, et al. v R.J. Reynolds Tobacco Co.,* Case No. CV 09 08394 CAS (C.D. Cal.)**

Honorable Christina A. Snyder *(May 3, 2016)  The Court finds that the Notice provided to the Settlement Class pursuant to the Settlement Agreement and the Preliminary Approval Order has been successful, was the best notice practicable under the circumstances and (1) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, their right to object to the Settlement, and their right to appear at the Final Approval Hearing; (2) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (3) met all applicable requirements of the Federal Rules of Civil Procedure, Due Process, and the rules of the Court.*

(d) ***Ferrera et al. v. Snyder's-Lance, Inc.*, Case No. 0:13-cv-62496 (S.D. Fla.)**

Honorable Joan A. Lenard *(February 12, 2016) The Court approves, as to form and content, the Long-Form Notice and Short- Form Publication Notice attached to the Memorandum in Support of Motion for Preliminary Approval of Class Action Settlement as Exhibits 1 and 2 to the Stipulation of Settlement. The Court also approves the procedure for disseminating notice of the proposed settlement to the Settlement Class and the Claim Form, as set forth in the Notice and Media Plan attached to the Memorandum in Support of Motion for Preliminary Approval of Class Action Settlement as Exhibits G. The Court finds that the notice to be given constitutes the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice to the Settlement Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution.*

(e) ***Halvorson v. Talenbin, Inc.,*** **Case No. 3:15-cv-05166-JCS**

The Honorable Joseph C. Spero (July 25, 2017) The *Court finds that the Notice provided for in the Order of Preliminary Approval of Settlement has been provided to the Settlement Class, and the Notice provided to the Settlement Class constituted the best notice practicable under the circumstances, and was in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the United States Constitution, and any other applicable law. The Notice apprised the members of the Settlement Class of the pendency of the litigation; of all material elements of the proposed settlement, including but not limited to the relief afforded the Settlement Class under the Settlement Agreement; of the res judicata effect on members of the Settlement Class and of their opportunity to object to, comment on, or opt-out of, the Settlement; of the identity of Settlement Class Counsel and of information necessary to contact Settlement Class Counsel; and of the right to appear at the Fairness Hearing. Full opportunity has been afforded to members of the Settlement Class to participate in the Fairness Hearing. Accordingly, the Court determines that all Final Settlement Class Members are bound by this Final Judgment in accordance with the terms provided herein.*

5.      Moreover, I have fulfilled the professional certification program offered by the Interactive Advertising Bureau (IAB) in Digital Media Sales. The IAB certification program is accredited by the American National Standard Institute (ANSI) and is the only globally recognized, accredited, professional certification program created specifically for digital media sales professionals.

6.      By way of background, Angeion Group is a leading class action notice and claims administration company formed by a team of executives that have had extensive tenures at five other nationally recognized claims administration companies. Collectively, the management team at Angeion has overseen more than 2,000 class action settlements and distributed over $10 billion to class members. The executive profiles as well as the company overview are available at http://www.angeiongroup.com/meet_the_team.htm.

7.      My staff and I will draw from our in-depth class action notice and claims administration experience as well as our work in related fields to serve as Notice and Settlement Administrator in this case. This declaration will describe the notice program that we suggest using in this matter, including the considerations that informed the development of the plan.

## SUMMARY OF NOTICE PROGRAM

8.      The notice plan in this matter consists of a state-of-the-art targeted internet banner ad notice campaign based on objective syndicated data to reach our target audience.

9.     The Notice Program is designed to deliver an approximate 70% reach with an average frequency of 3.0 times each. Practically, what this means is that approximately 70% of the target audience will see the notice advertisement on average 3 times each.

10.     The specifics of the plans, as well as the considerations and methodology that informed their recommendation are further outlined below.

## CLASS DEFINITION

11.     The "Settlement Class" is defined as all persons or entities in the United States who made retail purchases of Covered Products during the Settlement Class Period.  Specifically excluded from the Settlement Class are:  (a) Defendants' employees, officers, directors, agents, and representatives; (b) those who purchased Covered Products for the purpose of re-sale; (c) federal judges who have presided over this case; and (d) all Persons who have been properly excluded from the Settlement Class.  The settlement Class Period means the period beginning on (and including) September 7, 2010 and ending on (and including) the date the Court enters the Preliminary Approval Order.

## MEDIA NOTICE TARGET AUDIENCE

12.     To develop the media plan for the notice program, the Settlement Class was profiled using GfK MRI 2016 Doublebase data[1] and comScore[2].  These syndicated data sources are used by advertising agencies and other communications professionals to understand the socio-economic

---

[1] GfK MRI is a leading supplier of publication readership and product usage data for the communications industry. GfK MRI offers complete demographic, lifestyle, product usage and exposure to all forms of advertising media. As the leading U.S. source of multimedia audience research, GfK MRI provides information to magazines, television and radio networks and stations, internet sites, other media, leading national advertisers, and over 450 advertising agencies – including 90 of the top 100 in the U.S. MRI's national syndicated data is widely used by companies as the basis for the majority of the media and marketing plans that are written for advertised brands in the U.S.

[2] comScore is a global Internet information provider on which leading companies and advertising agencies rely for consumer behavior insight and Internet usage data. comScore maintains a proprietary database of more than two million consumers who have given comScore permission to monitor their browsing and transaction behavior, including online and offline purchasing.

characteristics, interests and practices of a target group and aids in the proper selection of media to reach that target. These objective data sources are instrumental in allowing the Court to review the estimated net reach and average frequency of a particular program and is precisely the type of "accepted methodology" that the Federal Judicial Center Checklist cautions should be used in class action notice programs. Here, the following target audience was used to profile potential class members in MRI to help understand their media consumption habits:

- Soap & Detergents for Regular Laundry Total Brands Last 6 Months (Principal Shopper) [Other] or
- Liquid Soaps/Hand Sanitizers Brands Total Users Last 6 Months [Other] or
- Pre-Moistened Household Wipes Total Brands Last 6 Months (Principal Shopper) [Other] or
- Baby Shampoo Total Brands Last 6 Months (Principal Shopper) [Other] or
- Baby Bath, Wash and Soap Total Brands Last 6 Months (Principal Shopper) [Other] or
- Hand & Body Cream, Lotion or Oil Brands Total Users Last 6 Months [Other] or
- Disposable Diapers/Underpants Total Brands Last 6 Months (Principal Shopper) [Other] and
- I often use natural or organic beauty products [Any Agree]

13. The syndicated data also aids in understanding the socio-economic characteristics, interests and practices of a target group which guides the proper selection of media to reach that target. Here, the target audience has the following characteristics:

- Women 18-64 with an average age of 46
- A large percentage (56.0%) are married
- 48.2% have a college degree
- 53.2% live in households with total income below $75K
- 62.4% are employed, with most working full time (46.7%)

14. To identify the best vehicles to deliver messaging to the target audience, Angeion also reviewed the media quintiles, which measure the degree to which an audience uses media relative to the general population. Here, it shows our target audience spends approximately 17 hours per week on the internet, which is above the amount of time the average user spends per week on the internet (the average user spends 16 hours per week on the internet).

15.     Considering this data, Angeion recommends utilizing a state-of-the-art internet banner advertisements to reach the target audience, which will effectively generate the reach required to notify potential members of the Settlement Class of their rights and options in the Settlement.

## INTERNET BANNER NOTICE

16.     To verify the audience delivery of the internet impressions for this case we utilized ComScore. ComScore employs first and third-party data to measure the demographic data of internet users.  By utilizing the Plan Metrix Reach and Frequency calculator, we are able to determine the estimated reach against specific audience segments. Specifically, we used the following target definition to profile the class:

- Purchased Bed & Bath products online/offline in last 6 months AND
- Seek new ways to lead healthier life

It should be noted that this target definition is intentionally over-inclusive as it includes *all* Bed & Bath product purchasers since Babyganics is not measured.  Based on the target definition, the potential audience size is estimated at 30,996,000.  This target audience, based on objective syndicated data, will allow the parties to report the reach and frequency to the court, with the confidence that the reach within the target audience and the number of exposure opportunities complies with due process and exceeds the Federal Judicial Center's threshold as to reasonableness in notification programs.

17.     The Notice Program utilizes a state-of-the-art programmatic approach to purchasing internet media advertisements to target potential members of the Settlement Class with tailored communications. Purchasing display and mobile inventory programmatically provides the highest reach for internet publication, allows for multiple targeting layers, and causes banner

advertisements to be systematically shown to persons most likely to be members of the Settlement Class.

18.     Multiple targeting layers will be implemented to help ensure delivery to the most appropriate users, inclusive of search targeting, category contextual targeting, keyword contextual targeting, and site retargeting.  Inventory will run on desktop and mobile devices to reach the most qualified audience.  Search terms will be relevant to baby wipes, baby products, baby care products, detergents, sanitizers, baby lotion, diapers, etc., targeting users who are currently browsing or have recently browsed content in categories such as parenting, toddlers, baby care, organic products, etc. which will help qualify impressions to ensure messaging is served to the most relevant audience. A focus will be placed on brand purchase data specifically.

19.     The internet banner notice portion of the notice program will be implemented using a 4-week desktop and mobile campaign, utilizing standard Interactive Advertising Bureau ("IAB") sizes (160x600, 300x250, 728x90, 300x600, 320x50 and 300x50). A 3x frequency cap will be imposed to maximize reach. The banner notice campaign is designed to result in serving approximately 65,092,000 impressions.

20.      To track campaign success, Angeion will implement conversion pixels throughout the case filing website to better understand audience behavior and identify those class members who are most likely to convert.  The programmatic algorithm will change based on success and failure to generate conversions throughout the process.  Successful conversion on the Claim Submission button will be the primary goal, driving optimizations.

21.     Also included with the digital recommendation is Lotame, a demand management platform (DMP), as well as Integral Ad Science (IAS), an online ad verification and security provider.  Using Lotame, allows us to learn more about the online audiences we are reaching.  Through pixels attached to the creative behind the scenes, we collect data on users who

are served impressions, who click, and who convert. Demographic profiles can be developed and leveraged for immediate changes in targeting strategies to increase the overall performance of digital campaigns. The insights help us to understand the type of user profile that is most valuable to campaign success. Integrating with IAS provides another level of safety to ad campaigns. With the threat of bot-fraud and questions around inappropriate content, IAS, the leading company in ad verification, provides peace of mind as IAS analyzes each impression and prevents fraudulent activity and unsafe content.

## PUBLICATION NOTICE

22.     In order to increase awareness of the settlement and to satisfy the notice requirements of the California Consumer Legal Remedies Act ("CLRA"), the notice program will include four 1/4 page ads featuring the Summary Notice to be published in the California regional edition of *USA Today*.

## RESPONSE MECHANISMS

23.     The notice program will implement the creation of a case website, where members of the Settlement Class can view general information about this class action, review relevant Court documents and view important dates and deadlines pertinent to the Settlement. The website will also have a "Contact Us" page whereby members of the Settlement Class can send an email with any additional questions to a dedicated email. Class Members shall also be able to submit Claim Forms electronically via the Settlement Website.

24.     A toll-free hotline devoted to this case will be implemented to further apprise members of the Settlement Class of the rights and options in the Settlement. The toll-free hotline will utilize an interactive voice response ("IVR") system to provide responses to frequently asked questions

and provide valuable information regarding the Settlement. This hotline will be accessible 24 hours a day, 7 days a week.

## <u>REACH AND FREQUENCY</u>

25.     The Notice Program is designed to deliver an approximate 70% reach with an average frequency of 3.0 times each. The 70% does not include the *USA Today* publications, informational website or toll-free hotline, which also serve to inform potential class members of the Settlement.

## <u>CONCLUSION</u>

26.     The Notice Program outlined above is an integrated notice effort incorporating a state of the art internet banner notice utilizing multiple targeting layers specifically targeting potential Settlement Class Members.  The notice program is designed to reach 70% of the Class on average 3.0 times each.

27.     Courts systematically rely upon reach and frequency evidence in reviewing class action notice programs for adequacy.  The reach percentage and the number of exposure opportunities here, meet or exceed those approved in other similar class actions.

28.     It is my opinion that the Notice Program is the best notice practicable under the circumstances and is fully compliant with Rule 23 of the Federal Rules of Civil Procedure.

I hereby declare under penalty of perjury that the foregoing is true and correct.

STEVEN WEISBROT

Dated: August 2, 2017

# EXHIBIT G

**WHEREAS**, Halunen Law, Cuneo Gilbert & LaDuca LLP, and The Sultzer Law Group ("Class Counsel") desire to give an undertaking for repayment of their award of attorney fees and costs ("Undertaking"), as is required by the Settlement Agreement entered into by the Parties to *Mayhew, et. al v. KAS Direct, LLC*, Case No. 7:16-cv-06981-VB;

**NOW, THEREFORE**, each of the undersigned Class Counsel, by making this Undertaking, hereby submit their law firm to the jurisdiction of the United States District Court for the Southern District of New York, for the purpose of enforcing the provisions of this Undertaking. Capitalized terms used herein without definition have the meanings given to them in the Settlement Agreement.

Class Counsel understand and agree that any amounts received by Plaintiffs' Counsel are subject to repayment to Defendants in the event that the Settlement Agreement is terminated pursuant to its terms and/or in the event that the Final Approval Order is reversed or modified on appeal, in whole or in part. Class Counsel shall, within twenty (20) days after receiving written notice of termination of the Settlement Agreement from any counsel or Parties, and/or within twenty (20) days after the order reversing or modifying the Final Approval Order, in whole or in part, becomes final, repay Defendants the full amount of the attorneys' fees and costs paid by the Defendants to Class Counsel.

In the event the Final Approval Order is not reversed on appeal but the attorneys' fees and costs awarded by the Court are vacated or reduced on appeal, Class Counsel shall, within twenty (20) days after the order vacating or modifying the award of attorney fees and costs becomes final, repay to Defendants the amount of the vacated or reduced attorneys' fees and costs that Defendants paid to Class Counsel.

In the event Class Counsel fail to repay Defendants any of the attorneys' fees

1

and costs and/or stipends that are owed to it pursuant to this Stipulated Undertaking, the Court shall, upon application of Defendants and notice to Class Counsel, summarily issue orders, including but not limited to judgments and attachment orders against Class Counsel law firms. Class Counsel further agree to indemnify, defend, and hold harmless Defendants and their attorneys from any and all claims and disputes of any kind relating to Class Counsel's payment of attorneys' fees and cost to C;ass Counsel and/or to other attorneys for the Plaintiffs pursuant to the Settlement Agreement.

The undersigned stipulate, warrant and represent that they have both actual and apparent authority to enter into this stipulation, agreement, and Undertaking on behalf of their law firm. This Undertaking may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Signatures by facsimile shall be as effective as original signatures. The undersigned declare under penalty of perjury under the laws of the State of New York that they have read and understood the foregoing and that it is true and correct.