IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TANYA MAYHEW, TANVEER ALIBHAI, and TARA FESTA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KAS DIRECT, LLC and S.C. JOHNSON & SON, INC.,<br><br>Defendants. | Civil Action No. 7:16-cv-6981 (VB)<br><br>Judge: Hon. Vincent L. Briccetti |

**MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE BY PROPOSED CLASS MEMBERS/INTERVENORS LAURA CARROLL, KATHERINE EXO, ARMAND RYDEN AND KATHARINE SHAFFER**

**Introduction**

This motion to intervene is filed on behalf of Laura Carroll, Katherine Exo, Armand Ryden, and Katharine Shaffer (the "*Carroll* Intervenors"), who are each members of the proposed *Mayhew* class and are also the named plaintiffs in a separate and unrelated proposed class action against defendants entitled *Carroll, et al. v. S. C. Johnson & Son, Inc., et al.,* Case No. 1:17-cv-5828, N.D. Ill, filed August 10, 2017 ("the *Carroll* Action"). *See* Ex. A, *Carroll* Complaint. While these two cases involve the some overlapping products, the claims and subject matter of the two cases could not be more different. The claims pleaded in the complaint in the *Mayhew* action factually center around the allegation that "Plaintiffs and Class Members paid a premium for the Products over comparable products that did not purport to be organic, mineral-based, or natural." *Mayhew* Amended Complaint, ECF No. 45 at ¶ 8 (emphasis added). The

1

complaint in the *Carroll* Action does involve whatsoever representations that Defendants' products are "organic", "mineral-based", or "natural", but instead allege that Defendants' representations on the product label which claim that the labelling of Defendants' products as "SPF 50+" are false or misleading in that the actual SPF rating of the product is far lower. Ex. A at ¶ 71.

Despite the fact that there is no overlap between the claims pleaded in the *Mayhew* and *Carroll* Actions, the current parties to the *Mayhew* Action have nevertheless entered into a proposed class action settlement which involves an overly broad release that threatens to extinguish the distinct and unrelated claims being litigated in the *Carroll* Action. As a result, the *Carroll* Intervenors seek leave to intervene in the *Mayhew* Action and be heard on whether the proposed release in *Mayhew* should be altered to preserve the rights of the *Carroll* Plaintiffs and the proposed *Carroll* class and subclasses to continue to litigate the claims pleaded in the *Carroll* Complaint.

## I. THE PROPOSED CARROLL INTERVENORS MEET THE REQUIREMENTS FOR INTERVENTION

### A. Intervention as of Right is Appropriate

In order to intervene as of right pursuant to Rule 24(a)(2), the applicant must: (1) file a timely motion; (2) show an interest in the litigation; (3) show that its interest may be impaired by the disposition of the action; and (4) show that its interest is not adequately protected by the parties to the action. Fed. R. Civ. P. 24(a)(2). These elements are easily satisfied here by the Carroll Intervenors.

#### 1. Timeliness

The present motion is timely. As the Second Circuit recently observed, courts assess the

timeliness of a motion to intervene by considering: "(1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness." *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994). Here, the *Carroll* Intervenors filed their motion to intervene while the motion for preliminary approval of the *Mayhew* settlement was pending, shortly after they learned about the overly broad language of the proposed release in *Mayhew*. Therefore, there has been no delay in moving to intervene or any prejudice to the parties in the *Mayhew* litigation.

Nor will curing the overly broad language of the *Mayhew* release delay the settlement in *Mayhew*. The parties to the proposed *Mayhew* settlement simply need to narrow the release in the *Mayhew* Settlement Agreement to the specific facts at issue in the *Mayhew* Action, and exclude any claims that flow from facts that were not the subject of that litigation – specifically, the claims at issue in the *Carroll* Complaint. This could be accomplished quickly by appropriately tailoring the release language to reflect the claims referenced in the *Mayhew* Complaint, rather than its current, too-broad language.

2. **Proposed Intervenors Have an Interest in the Action That May Be Impaired or Impeded**

The *Carroll* Intervenors have an interest in the *Mayhew* Action. Indeed, they are each members of the proposed *Mayhew* Class. They are also each plaintiffs in the ongoing *Carroll* Action, which involves claims which – while wholly distinct from the claims raised in *Mayhew* – may nevertheless be extinguished by the current overly-broad proposed release in *Mayhew*. Despite this clear threat to their interest in pursuing their claims in the *Carroll* Action, the

*Carroll* Intervenors currently lack the ability to be heard on the scope of that release without intervention.

### 3. Lack of Adequate Representation

"The adequacy inquiry under Rule 23 (a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Products, Inc. v. Windsor*, 521 U.S.591, 625 (1997). Therefore, "a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *Id. citing East Tex. Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977). This fundamental legal principle applies in the class action settlement context. As the United States Supreme Court made clear in *Amchem*, absentee class members' interests are inadequately represented in a class action settlement where settling parties reach a global compromise that does not assure the fair and adequate representation of all individuals affected. *Id*. (affirming the Third Circuit's decision to vacate certification of settlement class where the interests of settlement class members were not aligned, finding in the absence of any "structural assurance of fair and adequate representation for the diverse groups and individuals affected," that the class could not satisfy Rule 23(a)(4)'s standard for fair and adequate representation).

No existing party in the *Mayhew* Action adequately represents the interests of the *Carroll* Intervenors. Here, the settling parties in the Mayhew Action are giving away claims not pleaded in the *Mayhew* Amended Complaint – claims being litigated by the *Carroll* plaintiffs – in exchange for settlement of the *Mayhew* Action. This is improper. "[F]undamental principles underlying class actions limit the powers of the representative parties to the claims they possess in common with other members of the class." Nat'l Super Spuds. Inc., 660 F.2d at 16-17 (2d

4

Cir.1981) (finding that class plaintiffs who sought damages in connection with liquidated futures contracts could not agree to release claims based on unliquidated positions).

The *Carroll* Intervenors are currently actively litigating their claims relating to the SPF content of Defendants' products in the separate, above-referenced, putative class action. The existing parties to the *Mayhew* Action would give away the *Carroll* claims – claims which are wholly distinct from those pleaded in the *Mayhew* Action – for free, as part of a settlement of the unrelated *Mayhew* claims. This is directly contrary to the express wishes of the *Carroll* Intervenors. Thus, it is clear that direct intervention by the *Carroll* Intervenors is needed to protect their interests.

For the above reasons, the Court should permit the Carroll Intervenors to intervene pursuant to Rule 24(a)(2). *See* Fed. R. Civ. P. 24, Adv. Committee Notes ("a member of a class should have the right to intervene in a class action if he can show the inadequacy of the representation of his interest by the representative parties before the court").

### B. Permissive Intervention Is Appropriate

In the alternative, the Court should grant the *Carroll* Intervenors permissive intervention pursuant to both Rules 23 and 24(b) of the Federal Rules of Civil Procedure. The *Carroll* Intervenors are each members of the proposed *Mayhew* Class. Intervention by absent class members is considered permissible in class actions, which are governed by both Rule 23 and Rule 24 of the Federal Rules of Civil Procedure. Intervention pursuant to Rule 23 and Rule 24(b) of the Federal Rules of Civil Procedure "'should be liberally allowed,' especially since members of a class are normally bound by the judgment in the class action." *See Diduck v. Kaszycki & Sons Contractors, Inc.*, 149 F.R.D. 55, 57-58 (S.D.N.Y. 1993) (internal citation omitted).

Intervention pursuant to Federal Rule 24(b)(1)(B) is appropriate where (1) the motion is timely; (2) the proposed intervenor has "a claim or defense that shares with the main action a common question of law or fact"; and (3) intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b). These elements are all satisfied here. Here, there will be no prejudice to the original parties. Nor will there be any undue delay. The *Carroll* Intervenors have moved promptly and simply seek to be heard on the pending motion for preliminary approval, to voice their objection to the scope of the proposed *Mayhew* release and to seek a minor change in that release in order to preserve the claims being litigated in the *Carroll* Action. For these reasons, there are no grounds to deny intervention.

Dated: August 25, 2017　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　By:　  /s/ Janine L. Pollack  
　　　　　　　　　　　　　　　　　　　　　Janine L. Pollack  
　　　　　　　　　　　　　　　　　　　　　**WOLF HALDENSTEIN**  
　　　　　　　　　　　　　　　　　　　　　　**ADLER FREEMAN & HERZ LLP**  
　　　　　　　　　　　　　　　　　　　　　270 Madison Avenue  
　　　　　　　　　　　　　　　　　　　　　New York, NY 10016  
　　　　　　　　　　　　　　　　　　　　　Telephone: (212) 545-4600  
　　　　　　　　　　　　　　　　　　　　　Fax: (212) 686-0114  
　　　　　　　　　　　　　　　　　　　　　Email: pollack@whafh.com

　　　　　　　　　　　　　　　　　　　　　Theodore B. Bell  
　　　　　　　　　　　　　　　　　　　　　Carl V. Malmstrom  
　　　　　　　　　　　　　　　　　　　　　**WOLF HALDENSTEIN**  
　　　　　　　　　　　　　　　　　　　　　　**ADLER FREEMAN & HERZ LLC**  
　　　　　　　　　　　　　　　　　　　　　70 W. Madison St., Suite 1400  
　　　　　　　　　　　　　　　　　　　　　Chicago, IL 60602  
　　　　　　　　　　　　　　　　　　　　　Telephone: (312) 984-0000  
　　　　　　　　　　　　　　　　　　　　　Fax: (312) 214-3110  
　　　　　　　　　　　　　　　　　　　　　Email: tbell@whafh.com  
　　　　　　　　　　　　　　　　　　　　　Email: malmstrom@whafh.com

Stephen P. DeNittis
Joseph Osefchen
Shane Prince
**DeNITTIS OSEFCHEN PRINCE, PC**
5 Greentree Centre
525 Route 73 North, Suite 410
Marlton, NJ 08053
Telephone: (856) 797-9951
Fax: (856) 797-9978
Email: sdenittis@denittislaw.com
Email: josefchen@denittislaw.com
Email: sprince@denittislaw.com

*Counsel for Proposed Intervenors Laura Carroll, Katherine Exo, Armand Ryden, and Katharine Shaffer*