UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TANYA MAYHEW, TANVEER ALIBHAI, and TARA FESTA *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>KAS DIRECT, LLC and S.C. JOHNSON & SON, INC.<br><br>Defendants. | Case No.: 16-cv-6981 (VLB) |

### DECLARATION OF MELISSA S. WEINER IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

I, Melissa S. Weiner, under penalty of perjury, hereby declare as follows:

1. I am a partner at Halunen Law, which along with The Sultzer Law Group, P.C. and Cuneo, Gilbert & LaDuca LLP (collectively, "Class Counsel"), are counsel for Plaintiffs Tanya Mayhew, Tanveer Alibhai, and Tara Festa (collectively, "Plaintiffs") in the above captioned action ("Action"). I a member in good standing of the State Bar of Minnesota, as well as the federal bars of the United States District Court for the District of Minnesota, and the United States Courts of Appeals for the First and Ninth Circuits, and am admitted *pro hac vice* before this Court.

2. I respectfully submit this Declaration in support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement. Except as otherwise noted, the facts set forth in this Declaration are based in part upon my personal knowledge, and I would competently testify to them if called upon to do so.

**I.     Introduction**

3.     Class Counsel have been responsible for the prosecution of this Action and for the negotiation of the Settlement Agreement. We have vigorously represented the interests of the Settlement Class Members throughout the course of the litigation and settlement negotiations.

4.     This Action arises out of Defendants' misleading labeling, marketing, and sale of their Babyganics' Products.

**II.    Investigation, Filing of Complaints, Negotiations, and Mediation**

5.     Before initiating any action, Class Counsel conducted a thorough investigation of the claims and the Babyganics' Products.

6.     Counsel for Plaintiffs first sent a settlement demand letter and proposed complaint to KAS on November 20, 2015, in accordance with California's Consumer Legal Remedies Act ("CLRA").

7.     The parties corresponded for several months thereafter regarding potential settlement and ultimately agreed to a mediation with David Rotman of Gregorio, Haldeman & Rotman in San Francisco on August 10, 2016. The Parties left the mediation at an impasse.

8.     Plaintiff initiated the instant lawsuit the following month, filing a Class Action Complaint in the United States District Court for the Southern District of New York on September 7, 2016. The Action was titled *Mayhew et al. v. KAS Direct, LLC*, Case No. 7:16-cv-06981. (Dkt. 1.)

9.     Following the commencement of the action, the Parties ultimately re-initiated settlement discussions.

10.    On March 15, 2017, Class Counsel, on behalf of Plaintiffs, entered into a Stipulation and Protective Order / Confidentiality Agreement with Defendants, pursuant to which, and for the

purpose of settlement discussions only, Defendants agreed to produce certain sales and marketing information that would enable Class Counsel and Plaintiffs to better evaluate settlement.

11. The Parties exchanged discovery, and had numerous conversations, including two in-person meetings and several telephone calls, before the second mediation. Defendants provided sales figures, product lines, internal testing information, and consumer surveys.

12. The Parties continued to discuss the potential for an early settlement and agreed to attend a mediation on March 30, 2017, this time with Michael Young of JAMS in New York. Counsel for Plaintiffs and Defendants attended. The Parties did not reach a resolution at the mediation, but continued arm's-length settlement discussions, and ultimately reached a resolution on or about May 31, 2017. For nearly eight weeks thereafter, the Parties continued to negotiate the terms of this Settlement.

13. Before, during, and since the mediation, the Parties have engaged in protracted, extensive, and hard-fought settlement negotiations, including numerous telephonic negotiating sessions.

14. After the Parties reached an agreement on relief for the class, they discussed and reached an agreement on attorneys' fees and incentive awards.

15. Plaintiffs filed their First Amended Class Action Complaint on August 4, 2017, naming SC Johnson as a Defendant. (Dkt. 37.) In the Amended Complaint, Plaintiffs allege that Defendants marketed their Babyganics line of home and personal care products (1) with the brand name "Babyganics," (2) in the case of certain sunscreens, with the term "Mineral-Based," and (3) with the term "Neonourish Natural Seed Oil"; and that Defendants' marketing of the Products was misleading and caused Plaintiffs to pay a price premium for the Products.

16. After the Parties filed for preliminary approval on August 4, 2017, three groups of Proposed Intervenors filed Motions to Intervene: (1) on August 11, 2017, Proposed Intervenors Skeen, Blanusa, Brown, Vidal, and Timmermeier ("*Tear Free* Intervenors") filed a Motion to Intervene (Dkt. 50); (2) on August 18, 2017, Proposed Intervenor Machlan filed a Motion to Intervene (Dkt. 52); and (3) on August 25, 2017, Proposed Intervenors Carroll, Exo, Ryden, and Shaffer ("*SPF* Intervenors") filed a Motion to Intervene (Dkt. 56).

17. After the Proposed Intervenors filed their motions, the Parties participated in an in-person mediation with Mr. Young on October 5, 2017, at which all intervenors were invited to participate. Counsel for Proposed Intervenor Machlan appeared, but *Tear Free* and *SPF* Intervenors opted not to attend.

### III. Settlement Agreement and Recognition of the Difficulties Associated with Litigation

18. The Settlement is an excellent result as it provides the Settlement Class with meaningful monetary relief.

19. Plaintiffs remain convinced their case has merit, but recognize the substantial risk that comes along with continued litigation. Based on extensive investigation and pre-mediation and confirmatory discovery, Plaintiffs believe they could obtain class certification, defeat all dispositive motions filed by Defendants, and proceed to trial on the merits.

20. Nonetheless, all complex class actions are uncertain in terms of ultimate outcome, difficulties of proof, and duration, and this Action is no different. There is always the possibility that Plaintiffs may not prevail if the Action continues. Plaintiffs and Class Counsel recognize the expense and length of continued proceedings necessary to prosecute the claims through trial and appeal. They have taken into account the uncertain outcome and risk of litigation, as well as difficulties and undue delay inherent in such litigation. Further litigation would be costly, complex, and time consuming.

Such litigation could include dispositive motions, contested class certification proceedings and appeals, costly merits and class certification expert reports and discovery, and trial. Each step towards trial would likely be subject to Defendants' vigorous opposition and appeal. Further litigation presents no guarantee for recovery, let alone a recovery greater than that provided by the Settlement. The Parties would likely spend significant time and resources on damage calculations. Furthermore, both parties would spend significant additional resources in expert discovery producing competing damage analyses. In the end, it is likely that the Settlement Class Members would only be entitled to some percentage of the purchase price of the Babyganics' Products. The costs and risks associated with continuing to litigate the Action would require extensive resources and Court time. Class Counsel believe the Settlement confers substantial benefits upon the Settlement Class Members, and have determined the Settlement is fair, reasonable, and adequate and in the best interests of the Settlement Class. Attached hereto as **Exhibit 1** is a true and correct copy of the Settlement Agreement in the above-referenced matter, which includes the Claim Form (Ex. A), Long-Form Notice (Ex. B), Short-Form Notice (Ex. C), Plaintiffs' Proposed Order (Ex. D), Declaration of Richard DuBois (Ex. E), and Declaration of Steven Weisbrot (Ex. F).

## IV. Class Counsel and Plaintiffs Have Invested Significant Time in the Prosecution in this Action and are Adequate Representatives of the Class.

21. Throughout the course of investigation, pleadings, mediation, and filing of the Settlement Agreement with the Court, Class Counsel have devoted significant time and resources to the investigation, development, and resolution of the Action.

22. Class Counsel are not representing clients with interests at odds with the interests of the Settlement Class Members.

23. Halunen Law has substantial experience with consumer class actions in general and consumer fraud and false advertising, specifically. I have been involved in the prosecution of

consumer class action matters, including those listed in Halunen Law's Firm Resume. Attached hereto as **Exhibit 2** is a true and correct copy of Halunen Law's firm resume.

24. For the reasons set forth in this Declaration as well as Plaintiffs' Memorandum of Law in Support of the Unopposed Motion for Preliminary Approval of Settlement Agreement, Approval of Form Notice, and Scheduling of Final Approval Hearing, Class Counsel respectfully requests that the Court grant Plaintiffs' Unopposed Motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 21st day of November, 2017, in Minneapolis, Minnesota.

_____
Melissa S. Weiner