UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Tanya Mayhew and Tanveer Alibhai, individually on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br>v.<br><br>KAS DIRECT, LLC,<br><br>　　　　Defendant. | Case No. 7:16-cv-60981(VLB) |

## DECLARATION OF JASON P. SULTZER IN SUPPORT OF PLAINTIFFS' RENEWED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS, AND APPROVAL OF NOTICE PLAN

Pursuant to 28 U.S.C. § 1746, I, Jason P. Sultzer, declare as follows:

1. I am a founding partner at The Sultzer Law Group, which, along with Halunen Law and Cuneo Gilbert & Laduca, LLP (together, "Class Counsel"), are counsel for Plaintiffs Tanya Mayhew and Tanveer Alibhai in the above-captioned action. I am a member in good standing of the state bar of New York, as well as the federal bars of the United States Supreme Court, United States District Court for the Southern, Eastern, and Northern Districts and the United States Court of Appeals for the Second Circuit.

2. I respectfully submit this declaration in support of Plaintiffs' Renewed Motion for Preliminary Approval Of Settlement, Preliminary Certification Of Settlement Class, And Approval Of Notice Plan. Except as otherwise noted, the facts set forth in this declaration are based in part upon my personal knowledge, and I would competently testify to them if called upon to do so.

3. My firm conducted a thorough investigation of the labeling and ingredients of Babyganics products.

4. My firm researched the ingredients contained in the products and drew on our knowledge of the industry and the law to determine that Babyganics' representations were misleading.

5. My firm spoke with purchasers of Babyganics products to ascertain the meaning of the "Babyganic," "mineral-based," and "natural" statements to consumers.

6. Leading up to mediations in the Summer of 2016, and Spring of 2017 we received informal discovery from KAS Direct, including sales figures, product line information, internal testing information, and consumer surveys.

7. On August 10, 2016, Class Counsel, Defendant, and Defendant's Counsel participated in a mediation conducted by David A. Rotman of Haldeman & Rotman of San Francisco. Significant progress was made at that mediation but no agreement was reached.

8. On March 30, 2017, Class Counsel, Defendant, and Defendant's Counsel participated in a second mediation conducted by Michael Young of JAMS in New York, New York. During this mediation, the Parties began to develop a framework for a settlement.

9. On May 31, 2017, the Parties reached a settlement in principle. For nearly five weeks, thereafter, the Parties continued to negotiate the terms of this settlement. All parties executed a Settlement Agreement in early August, 2017. Plaintiffs filed a motion seeking preliminary approval of that Settlement Agreement on August 7, 2017.

10. After the Parties filed for preliminary approval on August 4, 2017, three groups of Proposed Intervenors filed Motions to Intervene: (1) on August 11, 2017, Proposed Intervenors Skeen, Blanusa, Brown, Vidal, and Timmermeier ("*Tear Free* Intervenors") filed a Motion to Intervene (Dkt. 50); (2) on August 18, 2017, Proposed Intervenor Mach Ian filed a Motion to Intervene (Dkt. 52); and (3) on August 25, 2017, Proposed Intervenors Carroll, Exo, Ryden, and Shaffer ("*SPF* Intervenors") filed a Motion to Intervene (Dkt. 56).

11. After the Proposed Intervenors filed their motions, the Parties participated in an in-person mediation with Mr. Young on October 5, 2017, at which all intervenors were invited to participate. Counsel for Proposed Intervenor Machlan appeared, but Tear Free and SPF Intervenors opted not to attend.

12. Following the mediation in October, Plaintiffs and Defendants continued to engage in settlement discussions, and a final agreement was reached by the parties on November 21, 2017 (the "Amended Settlement Agreement").

13. Class Counsel have reviewed the proposed notice plan and are satisfied that it is the best notice practicable under the circumstances.

14. Class Counsel have been responsible for prosecution of the Action and for the negotiation of the Amended Settlement Agreement. We have vigorously represented the interests of the Settlement Class Members throughout the course of the litigation and settlement negotiations.

15. Throughout the course of investigation, pleadings, motion practice, discovery, mediation, and filing of the Amended Settlement Agreement with the Court, Class Counsel have devoted significant time and resources to the investigation, development, and resolution of the Action.

16. Class Counsel are not representing clients with interests at odds with the interests of the Settlement Class Members.

17. The Sultzer Law Group has substantial experience with consumer class actions in general, and with consumer fraud and false advertising cases, specifically. I have been involved in a number of consumer class actions in the Southern District of New York including two cases in which I was recently appointed co-lead counsel which resulted in substantial settlements. *See Rapoport-Hecht v. Seventh Generation, Inc. (14-cv-9087-KMK)* and *Vincent, Wesley, et al. v People Against Dirty, PBC (16-cv-06936-NSR)*. Please refer to The Sultzer Law Group's firm resume which is attached hereto as Exhibit A for additional details about the firm's extensive class action experience.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: November 21, 2017

THE SULTZER LAW GROUP P.C.

By: _____
Jason P. Sultzer, Esq.
85 Civic Center Plaza, Suite 104
Poughkeepsie, NY 12601
Tel: (845) 483-7100
Fax: (888) 749-7747
sultzerj@thesultzerlawgroup.com

*Counsel for Plaintiff and the Class*