**CUNEO GILBERT & LADUCA, LLP**
Charles J. LaDuca
Katherine Van Dyck
4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016
Tel:  (202) 789-3960
Fax:  (202) 789-1813
*charlesl@cuneolaw.com*
*kvandyck@cuneolaw.com*

**THE SULTZER LAW GROUP P.C.**
Jason P. Sultzer, Esq. (Bar ID #: JS4546)
85 Civic Center Plaza, Suite 104
Poughkeepsie, NY 12601
Tel: (845) 483-7100
Fax: (888) 749-7747
*sultzerj@thesultzerlawgroup.com*

**HALUNEN LAW**
Amy E. Boyle
1650 IDS Center
80 South Eight Street
Minneapolis, MN 55402
Telephone: (612) 605-4098
Facsimile: (612) 605-4099
*boyle@halunenlaw.com*

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **TANYA MAYHEW, TANVEER ALIBHAI**, and **TARA FESTA**, individually on behalf of themselves and all others similarly situated, | : : : : | |
| Plaintiffs, | : : : | Case No. 16 CV 6981 (VB) |
| v. | : : | **MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARDS** |
| **KAS DIRECT**, **LLC** and **S.C. JOHNNSON & SON, INC.**, | : : | |
| Defendants. | : : : | |

**TABLE OF CONTENTS**

TABLE OF CONTENTS...........................................................................................................ii

I.      INTRODUCTION ......................................................................................................1

II.     LITIGATION HISTORY ...........................................................................................2

III.    LEGAL STANDARD.................................................................................................4

IV.     ARGUMENT..............................................................................................................5

        A.      THE REQUESTED FEE IS REASONABLE AND APPROPRIATE.......................................5

                1.      The time and labor expended by Class Counsel. .........................................5

                2.      The magnitude and complexities of the litigation.......................................6

                3.      The risk of litigation...................................................................................6

                4.      The quality of representation. ....................................................................7

                5.      The requested fee in relation to the settlement. .........................................9

                6.      Public policy considerations. ...................................................................10

        B.      CLASS COUNSEL SHOULD BE REIMBURSED FOR THEIR REASONABLE
                LITIGATION EXPENSES. .............................................................................................11

        C.      CLASS REPRESENTATIVES SHOULD RECEIVE SERVICE AWARDS TOTALING
                $7,500.....................................................................................................................12

V.      CONCLUSION.........................................................................................................13

# TABLE OF CONTENTS

**Cases**

*Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534 (S.D. Fla. 1988)...................................... 7

*Blessing v. Sirius XM Radio Inc.,* 507 F. App'x 1 (2d Cir. 2012) ................................... 4, 5, 8

*Clark v. Ecolab Inc.*, No. 04-4488, 2010 WL 1948198 (S.D.N.Y. May 11, 2010)................ 13

*Cunningham v. Suds Pizza, Inc.*, 290 F. Supp. 3d 214 (W.D.N.Y. 2017) ........................... 6, 8

*DeLeon v. Wells Fargo Bank, N.A.*, No. 1:12-CV-04494, 2015 WL 2255394
    (S.D.N.Y. May 11, 2015)................................................................................... 9

*Dupler v. Costco Wholesale Corp.*, 705 F. Supp. 2d 231 (E.D.N.Y. 2010) ........................... 6

*Fleisher v. Phoenix Life Ins. Co.,* No. 11-CV-8405 (CM), 2015 WL 10847814
    (S.D.N.Y. Sept. 9, 2015)............................................................................... 7, 8

*Fogarazzo v. Lehman Bros.,* No. 03 CIV. 5194 SAS, 2011 WL 671745 (S.D.N.Y.
    Feb. 23, 2011) ................................................................................................ 9

*Goldberger v. Integrated Res., Inc.,* 209 F.3d 43 (2d Cir. 2000).................................. 4, 5, 10

*Guippone v. BH S & B Holdings, LLC*, No. 09-1029, 2011 WL 5148650 (S.D.N.Y.
    Oct. 28, 2011) ............................................................................................... 13

*Henry v. Little Mint, Inc.*, No. 12 CIV. 3996 CM, 2014 WL 2199427 (S.D.N.Y. May
    23, 2014) ......................................................................................................... 6

*Hicks v. Stanley*, No. 01 CIV. 10071 (RJH), 2005 WL 2757792 (S.D.N.Y. Oct. 24,
    2005) ......................................................................................................... 10, 13

*In re Hi-Crush Partners L.P. Sec. Litig.,* No. 12-CIV-8557 CM, 2014 WL 7323417
    (S.D.N.Y. Dec. 19, 2014)............................................................................. 9, 11

*In re Lloyd's Am. Trust Fund Litig.*, No. 96 CIV. 1262 RWS, 2002 WL 31663577
    (S.D.N.Y. Nov. 26, 2002) ............................................................................... 6

*In re Marsh & McLennan Companies, Inc. Sec. Litig.*, No. 04 CIV. 8144 (CM), 2009
    WL 5178546 (S.D.N.Y. Dec. 23, 2009) ......................................................... 8

*In re Polaroid*, No. 03 CIV. 8335 (WHP), 2007 WL 2116398 (S.D.N.Y. July 19,
    2007) ............................................................................................................. 13

*In re Top Tankers, Inc. Sec. Litig.,* No. 06 Civ. 13761, 2008 WL 2944620 (S.D.N.Y.
    July 31, 2008)................................................................................................ 12

*Levinson v. About.Com Inc.*, No. 02 CIV. 2222 DAB, 2010 WL 4159490 (S.D.N.Y. Oct. 7, 2010) ............................................................................................... 6

*Maley v. Del Glob. Techs. Corp.,* 186 F. Supp. 2d 358 (S.D.N.Y. 2002) ............................... 9

*Manley v. Midan Rest. Inc.*, No. 14 CIV. 1693 (HBP), 2016 WL 1274577 (S.D.N.Y. Mar. 30, 2016)................................................................................................. 6

*Parker v. Time Warner Entertainment Co., L.P.,* 631 F.Supp.2d 242 (E.D.N.Y. 2009) ........ 13

*Raniere v. Citigroup Inc.*, 310 F.R.D. 211 (S.D.N.Y. 2015) ................................................... 11

*Roberts v. Texaco, Inc.*, 979 F. Supp. 185 (S.D.N.Y. 1997)................................................... 12

*Shapiro v. JPMorgan Chase & Co.*, No. 11 CIV. 7961 CM, 2014 WL 1224666 (S.D.N.Y. Mar. 24, 2014) ..................................................................................... 9, 11

*Sheppard v. Consol. Edison Co. of N.Y.*, No. 94-CV-0403(JG), 2002 WL 2003206 (E.D.N.Y. Aug. 1, 2002) ..................................................................................... 8

*Sukhnandan v. Royal Health Care of Long Island LLC*, No. 12CV4216 RLE, 2014 WL 3778173 (S.D.N.Y. July 31, 2014) ........................................................... 4, 12

*Sykes v. Harris*, No. 09 CIV. 8486 (DC), 2016 WL 3030156 (S.D.N.Y. May 24, 2016) ................................................................................................... 7, 8, 10

*Torres v. Gristede's Operating Corp.*, No. 04-3316, 2010 WL 5507892 (S.D.N.Y. Dec. 21, 2010), *aff'd*, 519 Fed. App'x 1 (2d Cir. 2013) (unpublished) ........................... 13

*Viafara v. MCIZ Corp.*, No. 12 7452, 2014 WL 1777438 (S.D.N.Y. May 1, 2014).......... 9, 12

*Wal-Mart Stores, Inc. v. Visa, U.S.A.*, 396 F.3d 96 (2d Cir. 2005) ..................................... 4, 9

*Yuzary v. HSBC Bank USA, N.A.*, No. 12-3693, 2013 WL 5492998 (S.D.N.Y. Oct. 2, 2013) ................................................................................................................. 13

*Zeltser v. Merrill Lynch & Co.,* No. 13 CIV. 1531 FM, 2014 WL 4816134 (S.D.N.Y. Sept. 23, 2014) ............................................................................................... 9

## I.  INTRODUCTION

Plaintiffs TANYA MAYHEW, TANVEER ALIBHAI, and TARA FESTA ("Class Representatives" or "Plaintiffs")[1] have negotiated settlements with Defendants KAS DIRECT, LLC and S.C. JOHNNSON & SON, INC. ("Defendants") that provide substantial benefits to the Settlement Class members, including a common Settlement Fund totaling $2,215,000 ("Settlement Fund") and injunctive relief requiring Defendants to make certain important and visible changes to its product labels and website. This outcome was accomplished as a result of the dedication, effort, and skill of Class Counsel, including their multi-year investment of time and expenses. Plaintiffs and Class Counsel undertook this matter, on a fully contingent basis, dedicating their time, money, and energy to thousands of consumers.  (Dec. of Katherine Van Dyck ("Van Dyck Dec.") ¶ 15; Dec. of Jason P. Sultzer ("Sultzer Dec.") ¶ 47; Dec. of Amy E. Boyle ("Boyle Dec") ¶ 13.)  Because this case was brought by Class Counsel who regularly litigate false labeling and other consumer protection cases, Class Counsel applied that experience to litigate this case with exceptional efficiency.  (Van Dyck Dec. ¶¶ 4-5, 12-16; Sultzer Dec. ¶ 35; Boyle Dec. ¶¶ 3-5, 13-14.)

Before filing the initial complaint in this Court, Class Counsel exhaustively investigated the viability of Plaintiffs' claims.  They prosecuted this Action through research and preparation of multiple detailed complaints and difficult, lengthy, arms-length negotiations with defense counsel.  (Van Dyck Dec. ¶¶ 8, 12-16; Sulzer Dec. ¶¶ 5-22.)  In light of the work and investment of time and money described above, as well as the risks Plaintiffs faced and continue to face, Class Counsel submit that this request for fees and expenses is appropriate and supported by the case

---

[1] All capitalized terms and phrases shall have the same meaning they have in the Joint Stipulation of Settlement ("Settlement Agreement").

law of this District.  Plaintiffs therefore seek an award of attorneys' fees of $733,333.33, reimbursement of out-of-pocket expenses of $51,993.28, and service awards totaling $7,500.00 ($2,500.00 per Class Representative).

## II.    LITIGATION HISTORY

Plaintiffs filed their original complaint on September 7, 2016, alleging that Defendant KAS Direct, LLC's use of the name "Babyganics" on a wide range of products and the term "Mineral-Based" on a number of its Sunscreens constituted fraudulent, unfair, unlawful, and deceptive business practices, in violation of the laws of the States of California and New York.  (Dkt. 1, Class Action Compl. at 2-6.)  Plaintiffs sought both injunctive and monetary relief.  (*Id*. at 72.)  However, the filing of the Class Action Complaint was preceded by a year of efforts by the parties to resolve their dispute.  Counsel for Plaintiffs first sent a settlement demand letter and proposed complaint to KAS on November 20, 2015, in accordance with California's Consumer Legal Remedies Act ("CLRA").  (Van Dyck Dec. ¶ 13.) The parties corresponded for several months thereafter regarding potential settlement and ultimately agreed to a mediation with David Rotman of Gregorio, Haldeman & Rotman in San Francisco on August 10, 2016.  (*Id*.)  The mediation was not successful, so Plaintiffs initiated the instant lawsuit the following month.  (*Id*; *see also* Dkt. 1.)

Following the initial mediation with Mr. Rotman in 2016, the parties continued to discuss the potential for an early settlement and agreed to attend a mediation on March 30, 2017, this time with Michael Young of JAMS in New York.  (Van Dyck Dec. ¶ 13.)  Before the second mediation Defendants produced, pursuant to a Protective Order/Confidentiality Agreement, certain sales and marketing information to enable Class Counsel and Plaintiffs to better evaluate settlement.  (*Id*.)  The Parties also had numerous conversations before and after the second mediation.  (Sultzer Dec. ¶¶ 12-13.)    Counsel for Plaintiffs and Defendants attended the mediation along with a representative of Defendants.  (*Id.* ¶ 11.)  Though the parties did not reach an agreement that day,

they continued arm's-length settlement discussions and ultimately reached the tentative structure of a resolution on or about May 31, 2017. (*Id.*) For nearly eight weeks thereafter, the Parties continued to negotiate the terms of the Settlement. (*Id.* ¶ 12.)

Plaintiffs filed their First Amended Class Action Complaint on August 4, 2017, naming S.C. Johnson as a Defendant. (Dkt. 37.) The same day, the Parties filed for Preliminary Approval of the Joint Stipulation of Settlement. (Dkt. 38.) Thereafter, three groups filed Motions to Intervene. (Dkts. 50, 52, 56). These proposed intervenors sought to disrupt the Parties' settlement based on lawsuits they filed either *after* Plaintiffs were engaged in substantive settlement discussions or had already alerted the Court of a settlement in this action. On October 23, 2017, the Court denied without prejudice the Motions to Intervene and set a deadline of December 1, 2017 for any renewed motions to intervene or to oppose the preliminary settlement approval. (Dkt. 96.) The attempted interventions also necessitated significant additional work by Class Counsel in the form of a second round of preliminary approval briefing, multiple oppositions to motions to intervene, a third in-person mediation, and numerous other discussions with counsel for Defendants and the intervenors. Plaintiffs and Defendants attended another mediation, to which all the intervenors were invited, in an effort to resolve their concerns, on October 5, 2017. (Van Dyck Dec. ¶ 13.)

This third and final in-person mediation, along with continued telephonic discussions with Defendants and the various proposed intervenors, resulted in the resolution of all but one intervenors' concerns and the instant Settlement Agreement. (*Id.*) The Court denied the sole remaining motion to intervene and granted preliminarily approval of the Settlement Agreement on June 26, 2018. (Dkt. 116.) Plaintiffs also retained a damages expert to assist in understand the price premium issues. (Van Dyck Dec. ¶ 8.) Should final approval be granted, Plaintiffs request

an award of $733,333.33 in attorneys' fees, which represents 33 percent of the Settlement Fund and 1.31 percent of the lodestar incurred by Class Counsel from 2016 to the present.  (*Id*. ⁋ 11.) Class Counsel devoted substantial time and resources investigating and litigating this matter against Defendants for nearly three years, and their hard work is reflected in the results they have achieved for the Class.  The fee requested is reasonable, appropriate, and consistent with other attorneys' fee awards in this District.

## III.    LEGAL STANDARD

"Where relatively small claims can only be prosecuted through aggregate litigation, and the law relies on prosecution by 'private attorneys general,' attorneys who fill the private attorney general role must be adequately compensated for their efforts." *Sukhnandan v. Royal Health Care of Long Island LLC*, No. 12CV4216 RLE, 2014 WL 3778173, at *9 (S.D.N.Y. July 31, 2014). This Court may apply either the lodestar method or the percentage-of-the-fund method in evaluating Plaintiffs' request for attorneys' fees. *Goldberger v. Integrated Res., Inc.,* 209 F.3d 43, 47, 50 (2d Cir. 2000); *accord Blessing v. Sirius XM Radio Inc.,* 507 F. App'x 1, 4 (2d Cir. 2012). In "common fund" cases such as this, "[c]ourts in the Second Circuit tend to grant class counsel a percentage of any settlement, rather than utilize the 'lodestar method,' because the percentage method aligns the interests of the class and its counsel and provides a powerful incentive for the efficient prosecution and early resolution of the litigation." *Goldberger,* 209 F.3d at 220 (citing *Wal-Mart Stores, Inc. v. Visa, U.S.A.*, 396 F.3d 96 (2d Cir. 2005)). "The lodestar method, on the other hand, disincentivizes early settlements, tempts lawyers to run up their hours, and 'compels district courts to engage in a gimlet-eyed review of line-item fee audits.'" *Id.*  In evaluating the percentage requested, courts are "guided by the traditional criteria in determining a reasonable common fund fee, including: '(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation . . . ; (4) the quality of representation;

(5) the requested fee in relation to the settlement; and (6) public policy considerations.'"

*Goldberger*, 209 F.3d at 50 (the "Goldberger reasonableness factors"); *accord Blessing*, 507 F. App'x at 4.

## IV.    ARGUMENT

### A.    The Requested Fee Is Reasonable and Appropriate.

#### 1.    *The time and labor expended by Class Counsel.*

Class Counsel have, to date, expended 925.20 hours litigating this matter, accruing a lodestar of $561,189.00, and incurred $51,993.28 in expenses. (Van Dyck Dec. ¶ 11.)  This reflects the pre-suit investigation conducted by Class Counsel and their early attempts to resolve the matter.  It also reflects the significant work that went into to preparing the original Class Action Complaint, which alleged that Defendant KAS engaged in unlawful, unfair, deceptive, and misleading business practices with respect to a wide range of Products.  (*Id.* ¶ 8.)   Finally, the hours expended by Class Counsel reflect the considerable efforts they made to achieve an early resolution of this litigation and avoid the risks that are inherent in class action and false labeling litigation, including attending three in-person mediations in San Francisco and California, analysis of product and sales data, and successfully resolving three different motions to intervene.  (Van Dyck Dec. ¶¶ 8, 12-13.) [2]  This time and expense favors awarding Class Counsel the requested fees.

---

[2] Plaintiffs' counsel will also spend additional time working on the settlement administration and resolving the inevitable issues that arise in a project of this size for which they will not be compensated.  Also, the time reflected above does not include time spent on preparing this application.

### 2. *The magnitude and complexities of the litigation.*

"'Most class actions are inherently complex and settlement avoids the costs, delays and multitude of other problems associated with them.'" *Henry v. Little Mint, Inc.*, No. 12 CIV. 3996 CM, 2014 WL 2199427, at *7 (S.D.N.Y. May 23, 2014) (citation omitted). Without early settlement, Plaintiffs would have faced motions to dismiss, lengthy and costly factual and expert discovery, motions to compel and for summary judgment, a contested class certification process, and eventually trial. *Manley v. Midan Rest. Inc.*, No. 14 CIV. 1693 (HBP), 2016 WL 1274577, at *9 (S.D.N.Y. Mar. 30, 2016); *Dupler v. Costco Wholesale Corp.*, 705 F. Supp. 2d 231, 239 (E.D.N.Y. 2010). The class certification and expert testimony motion practice would, as explained in the motion for final approval, present difficult obstacles to classwide recovery at trial. By obtaining early resolution, Class Counsel have "avoid[ed] a significant expense and delay and ensure[ed] a recovery for the class." *Levinson v. About.Com Inc.*, No. 02 CIV. 2222 DAB, 2010 WL 4159490, at *3 (S.D.N.Y. Oct. 7, 2010). This satisfies *Goldberger* and favors approval of Class Counsels' attorneys' fees. *Id*.

### 3. *The risk of litigation.*

Courts in this Circuit recognize the enormous risk that the comes with litigating a case on a contingency fee basis. *In re Lloyd's Am. Trust Fund Litig.*, No. 96 CIV. 1262 RWS, 2002 WL 31663577, at *27-28 (S.D.N.Y. Nov. 26, 2002); *Cunningham v. Suds Pizza, Inc.*, 290 F. Supp. 3d 214, 230 (W.D.N.Y. 2017). In the instant case, Class Counsel have not received any compensation for over two years of work on this case, and there was, of course, the risk that they might never be compensated. "[T]he resolution of liability issues, the outcome of the trial, and the inevitable appeals process are inherently uncertain in terms of outcome and duration. The proposed settlement alleviates this uncertainty." *Henry*, 2014 WL 2199427, at *9 (internal citation omitted).

This assumption of a lengthy and significant risk on behalf of the Settlement Class supports the requested $733,333.33 fee.

### 4. The quality of representation.

In considering this factor, courts "review, among other things, the recovery obtained and the backgrounds of the lawyers involved in the lawsuit." *Sykes v. Harris*, No. 09 CIV. 8486 (DC), 2016 WL 3030156, at *17 (S.D.N.Y. May 24, 2016) (citation omitted). These considerations are important factors to consider in evaluating a fee request. *Fleisher v. Phoenix Life Ins. Co.,* No. 11-CV-8405 (CM), 2015 WL 10847814, at *21 (S.D.N.Y. Sept. 9, 2015) ("Courts have consistently recognized that the result achieved is a major factor to be considered in making a fee award and in assessing the quality of the representation."); *see also Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 547-48 (S.D. Fla. 1988) ("Perhaps no better indicator of the quality of representation here exists than the result obtained. The quality of work performed in a case that settles before trial is best measured by the benefit obtained.") (footnote omitted).

Here, the goals of the litigation were to remedy Defendants' allegedly false and misleading marketing and labeling of the Products and to provide monetary compensation to the Settlement Class Members. Class Counsel's work in the litigation achieved both goals. Settlement Class Members are "entitled to a cash refund in the amount of one hundred percent (100%) of any purchase of a Covered Product for which a Proof of Purchase during the Class Period is provided." (Dkt. 101-1, Am. Settlement Agreement at 16.) Settlement Class Members without Proofs of Purchase may recover for up to eight products purchased during the Class Period, subject to certain *pro rata* adjustments. (*Id.*)

In looking at the percentage requested, courts should consider the full value of the relief obtained, including the extensive injunctive relief like that agreed to here. *Sykes*, 2016 WL 3030156, at *17. Defendants have agreed to widespread label changes, some of which will apply

to the entire "Babyganics" product line, as well as additional disclosures on the "Babyganics" website. (Dkt. 101-1, Am. Settlement Agreement at 21-22.) These label changes will impact millions of products and permit consumers to make more informed purchasing decisions. Moreover, Defendants have agreed to improve their quality control procedures and "conduct testing of each batch of applicable sunscreen to determine the levels of active ingredients." (*Id*. at 21.) This relief is not toothless or symbolic. Defendants will send Class counsel, on an annual basis for three years, "an affirmation that they are incompliance with [the testing] provision," and the label changes will remain in place for the life of the Covered Products. (*Id*. at 21-22.) Such relief will protect consumers for years to come and prevent future deceptive advertising practices. This valuable injunctive relief supports the fee application. *Sykes*, 2016 WL 3030156, at *17; *Sheppard v. Consol. Edison Co. of N.Y.*, No. 94-CV-0403(JG), 2002 WL 2003206, at *7 (E.D.N.Y. Aug. 1, 2002); *see also Fleisher*, 2015 WL 10847814, at *10 ("The overall value of the settlement comprises monetary as well as non-monetary relief."); *Blessing v. Sirius XM Radio Inc.*, 507 F. App'x at 5 (approving attorneys' fees where settlement included no monetary relief for class); *Velez v. Novartis Pharm. Corp.*, No. 04 CIV 09194 CM, 2010 WL 4877852, at *15 (S.D.N.Y. Nov. 30, 2010) (recognizing the non-monetary value of implementing reforms to employment practices).

The substantial experience of Class Counsel in prosecuting consumer protection class action cases was an important factor in achieving these significant objectives. Defendants employed highly skilled and highly regarded counsel from prestigious law firms. *See In re Marsh & McLennan Companies, Inc. Sec. Litig.*, No. 04 CIV. 8144 (CM), 2009 WL 5178546, at *19 (S.D.N.Y. Dec. 23, 2009) (reasonableness of fee was supported by fact that defendants "were represented by first-rate attorneys who vigorously contested Lead Plaintiffs' claims and

allegations"). Thus, the Plan of Distribution and Injunctive Relief required creativity, diligence, hard work, persistence, and skill. Indeed, Class Counsel have a proven track record in the prosecution of class actions, and they have successfully litigated many major class action cases. (Van Dyck Dec. ¶¶ 4-5; Sultzer Dec. ¶ 35; Boyle Dec. ¶¶ 3-5). Accordingly, this factor militates in favor of Plaintiffs' motion.

### 5. *The requested fee in relation to the settlement.*

Class Counsel's request for $733,333.33 amounts to 33 percent of the Settlement Fund. This percentage is consistent with attorneys' fee awards in the Second Circuit. *See DeLeon v. Wells Fargo Bank, N.A.*, No. 1:12-CV-04494, 2015 WL 2255394, at *6 (S.D.N.Y. May 11, 2015) (collecting cases); *In re Hi-Crush Partners L.P. Sec. Litig.,* No. 12-CIV-8557 CM, 2014 WL 7323417, at *12 (S.D.N.Y. Dec. 19, 2014) (same); *Zeltser v. Merrill Lynch & Co.,* No. 13 CIV. 1531 FM, 2014 WL 4816134, at *8 (S.D.N.Y. Sept. 23, 2014) (same); *Viafara v. MCIZ Corp.*, No. 12 7452, 2014 WL 1777438, at *9-15 (S.D.N.Y. May 1, 2014) (same); *Fogarazzo v. Lehman Bros.,* No. 03 CIV. 5194 SAS, 2011 WL 671745, at *4 (S.D.N.Y. Feb. 23, 2011) (same).

The lodestar cross-check confirms the reasonableness of the requested award. Counsel expended 925.20 hours and incurred a lodestar of $561,189.00. (Van Dyck Dec. ¶¶ 6, 11; Sultzer Dec. ¶ 36; Boyle Dec. ¶ 7.) The requested $733,333.33 therefore represents approximately 1.31 percent of the total lodestar. *Zeltser,* 2014 WL 4816134, at *9-10 (approving multiplier of 5.1 and citing numerous cases, including cases where the multiplier is as high as 19.6); *Shapiro v. JPMorgan Chase & Co.*, No. 11 CIV. 7961 CM, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 24, 2014) (approving multiplier of 3.05); *Dupler* at 245 (noting multipliers of over 4 "routinely awarded by courts"); *WalMart Stores, Inc.,* 396 F.3d at 123 (approving multiplier of 3.5 on appeal); *Maley v. Del Glob. Techs. Corp.,* 186 F. Supp. 2d 358, 369 (S.D.N.Y. 2002) (finding multiplier of 4.65 was reasonable). In addition, this multiplier will ultimately be lower as Class Counsel

perform additional work through the final approval process and administration of the Settlement Fund.

Class Counsel took meaningful steps to ensure that their work was efficient, and because they reached a settlement before engaging in motion practice and discovery and litigating class certification, their cumulative lodestar of $561,189.00 is far less than that seen in other class action matters litigated in this District. Class Counsel have reviewed their time records prior to submitting this motion and eliminated time entries that were incorrect, inefficient, or duplicative. (Van Dyck Dec. ₱ 12; Sulzer Dec. ₱ 46; Boyle Dec. ₱ 8). Because the Settlement Agreement does not allow for reversion of funds, the remainder (which should exceed $1 million after accounting for attorneys' fees and expenses, the administrator fee, and service awards) will be distributed to the Settlement Class members. This further confirms its reasonableness.

### 6. *Public policy considerations.*

"There is . . . commendable sentiment in favor of providing lawyers with sufficient incentive to bring common fund cases that serve the public interest." *Sykes*, LLC, 2016 WL 3030156, at \*17 (citing *Goldberger,* 209 F.3d at 51). Here, the Settlement Agreement promotes, and in fact requires, compliance with consumer protection laws by enjoining Defendants to improve their labels and their website.

> Such actions could not be sustained if plaintiffs' counsel were not to receive remuneration from the settlement fund for their efforts on behalf of the class. Due to the dispersed, and relatively small, losses . . . , the class action mechanism and its associated percentage-of-recovery fee award solve the collective action problem otherwise encountered by which it would not be worthwhile for individual[s] . . . to take the time and effort to initiate the action. "To make certain that the public is represented by talented and experienced trial counsel, the remuneration should be both fair and rewarding.

*Hicks v. Stanley*, No. 01 CIV. 10071 (RJH), 2005 WL 2757792, at \*9 (S.D.N.Y. Oct. 24, 2005).

In sum, the *Goldberger* factors support Plaintiffs' fee request.  The requested fees were negotiated after the Parties had reached agreement on the terms of the Settlement benefitting the Settlement Class Members and were negotiated at arms' length.  (Van Dyck Dec. ¶ 14; Sulzer Dec. ¶¶ 13-14.)  *See also Shapiro*, 2014 WL 1224666, at \*25 ("That the Attorneys' Fee Payment was later separately negotiated weighs in favor of its reasonableness.").  In short, Plaintiffs' motion seeks reasonable and appropriate fees that align with amounts previously approved by this Court, and there is no reason why Plaintiffs' motion should not be granted.

### B.    Class Counsel Should be Reimbursed for Their Reasonable Litigation Expenses.

 "It is well-settled that attorneys may be compensated for reasonable out-of-pocket expenses incurred and customarily charged to their clients, as long as they were incidental and necessary to the representation of those clients." *Raniere v. Citigroup Inc.*, 310 F.R.D. 211, 222 (S.D.N.Y. 2015) (citation omitted); *see also In re Hi-Crush Partners L.P. Sec. Litig.*, 2014 WL 7323417, at \*19 ("Because the expenses here were incurred with no guarantee of recovery, Lead Counsel had a strong incentive to keep them at a reasonable level, and did so.").  Class Counsel have expended $51,993.28 in costs, for which they should now be reimbursed. (Van Dyck Dec. ¶¶ 10-11; Sulzer Dec. ¶ 39; Boyle Dec. ¶ 4.) These costs, which included costs for professional mediators and necessary travel, were integral to the prosecution of the case, and they also include costs associated with three mediation sessions as part of the process of reaching a resolution of the Action. (Van Dyck Dec. ¶ 12; Sultzer Dec. ¶ 43; Boyle Dec. ¶ 12.)  For these reasons, Class Counsels' expenses were reasonable and necessary and should be reimbursed from the Settlement Fund.

## C. Class Representatives Should Receive Service Awards Totaling $7,500.

Class Counsel request service awards for the Class Representatives totaling $7,500.00 ($2,500.00 each). Providing service awards to consumers who come forward to represent a class is a necessary and important component of any class action settlement. "Service awards are common in class action cases and serve to compensate plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by the plaintiffs." *Viafara v. MCIZ Corp.*, 2014 WL 1777438, at \*16 (citation omitted); *Sukhnandan*, 2014 WL 3778173, at \*16. In examining the reasonableness of service awards, courts consider (1) the time and effort expended by the class representatives during the litigation; (2) any burdens sustained by the class representatives; and (3) the ultimate recovery. *Roberts v. Texaco, Inc.*, 979 F. Supp. 185, 200 (S.D.N.Y. 1997).

Here, Class Counsel respectfully request that the Court approve the payment of a service award to Plaintiffs in the amount of $2,500 each for the time and effort they spent assisting the prosecution of this Action on behalf of the Class. Plaintiffs demonstrated an understanding of both the basis of the claims and the role of Class Representatives. (Van Dyck Dec. ⁋ 16; Sultzer Dec. ⁋ 48; Boyle Dec. ⁋ 14.) They conferred with Class Counsel concerning the status of the case, the Complaint and amendments thereto, and the Settlement. (Van Dyck Dec. ⁋ 16; Sultzer Dec. ⁋ 48; Boyle Dec. ⁋ 14.) They provided personal information about their experiences with the Covered Products and remained involved in the mediation process, demonstrating dedication to their fellow class members and this case. (Van Dyck Dec. ⁋ 16; Sultzer Dec. ⁋ 48; Boyle Dec. ⁋ 14.) Defendants have agreed not to contest the service award requested.

The requested service award of $2,500 each is well deserved and fall well within the range of incentive awards approved in prior cases. *See*, *e.g.*, *In re Top Tankers, Inc. Sec. Litig.,* No. 06 Civ. 13761, 2008 WL 2944620 (S.D.N.Y. July 31, 2008) (award of $3,000 to lead plaintiff out of

$1.2 million settlement); *Parker v. Time Warner Entertainment Co., L.P.,* 631 F.Supp.2d 242, 276 (E.D.N.Y. 2009) ("Given the minimal amount of the [$2,500] awards [and] the time and effort the Representative Plaintiffs expended in bringing this suit on behalf of the Class ... the Court approves them."); *Hicks*, 2005 WL 2757792, at \*11  (award of $7,500 to lead plaintiff out of $10 million settlement).  In fact, they fall well below the awards regularly approved in the Second Circuit. *See Yuzary v. HSBC Bank USA, N.A.*, No. 12-3693, 2013 WL 5492998, at \*12 (S.D.N.Y. Oct. 2, 2013) (awarding $10,000 each to named plaintiffs); *Guippone v. BH S & B Holdings, LLC*, No. 09-1029, 2011 WL 5148650, at \*8 (S.D.N.Y. Oct. 28, 2011) (awarding class representative $10,000 service award from $900,000 settlement because he "assisted with the preparation of the complaints, provided counsel with relevant documents in their possession and assisted counsel in the investigation of his claims[, and] was deposed by defendant Holdco"); *Torres v. Gristede's Operating Corp.*, No. 04-3316, 2010 WL 5507892, at \*7 (S.D.N.Y. Dec. 21, 2010), *aff'd*, 519 Fed. App'x 1 (2d Cir. 2013) (unpublished) (approving service awards of $15,000 each for 15 named plaintiffs, comprising 6.4% of the $3.5 million settlement); *Clark v. Ecolab Inc.*, No. 04-4488, 2010 WL 1948198, at \*6 (S.D.N.Y. May 11, 2010) (granting service awards of $10,000 to each of the seven named plaintiffs); *In re Polaroid*, No. 03 CIV. 8335 (WHP), 2007 WL 2116398, at \*3 (S.D.N.Y. July 19, 2007) (citation omitted) (noting case law supports payments of between $2,500 and $85,000 to representative plaintiffs in class actions).

These awards were fully disclosed in the notice to the Settlement Class Members are reasonable under the jurisprudence of this Court.  Plaintiffs' therefore respectfully request that they be awarded $2,500 each for their service to the Settlement Class.

## V. CONCLUSION

In sum, the attorneys' fees sought here comprise only one third of the Settlement Fund and 1.31 percent of the cumulative lodestar incurred by counsel while the proposed service awards are

well below those sought in similar matters.  For the foregoing reasons, Plaintiffs respectfully request that this Court award attorneys' fees of $733,333.33 in attorneys' fees, litigation expenses in the amount of $51,993.28, and service awards totaling $7,500.00 for the Class Representatives.

Dated: September 26, 2018                    **CUNEO GILBERT & LADUCA, LLP**

By:    *s/ Charles J. LaDuca*
Charles J. LaDuca (Bar ID # 3975927)
Katherine Van Dyck
4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016
Tel:  (202) 789-3960
Fax:  (202) 789-1813
*charlesl@cuneolaw.com*
*kvandyck@cuneolaw.com*

**THE SULTZER LAW GROUP P.C.**
Jason P. Sultzer (Bar ID #: JS4546)
85 Civic Center Plaza, Suite 104
Poughkeepsie, NY 12601
Tel: (845) 483-7100
Fax: (888) 749-7747
*sultzerj@thesultzerlawgroup.com*

**HALUNEN LAW**
Amy E. Boyle
1650 IDS Center
80 South Eight Street
Minneapolis, MN 55402
Telephone: (612) 605-4098
Facsimile: (612) 605-4099
*boyle@halunenlaw.com*