**CUNEO GILBERT & LADUCA, LLP**
Charles J. LaDuca
Katherine Van Dyck
4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016
Tel:  (202) 789-3960
Fax:  (202) 789-1813
charlesl@cuneolaw.com
kvandyck@cuneolaw.com

**THE SULTZER LAW GROUP P.C.**
Jason P. Sultzer, Esq. (Bar ID #: JS4546)
85 Civic Center Plaza, Suite 104
Poughkeepsie, NY 12601
Tel: (845) 483-7100
Fax: (888) 749-7747
sultzerj@thesultzerlawgroup.com

**HALUNEN LAW**
Amy E. Boyle
1650 IDS Center
80 South Eight Street
Minneapolis, MN 55402
Telephone: (612) 605-4098
Facsimile: (612) 605-4099
boyle@halunenlaw.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **TANYA MAYHEW, TANVEER ALIBHAI**, and **TARA FESTA**, individually on behalf of themselves and all others similarly situated, | : : : : | Case No. 16 CV 6981 (VB) |
| Plaintiffs, | : : : | **DECLARATION OF KATHERINE VAN DYCK IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARDS AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |
| v. | : : | |
| **KAS DIRECT**, LLC and **S.C. JOHNNSON & SON, INC.**, | : : : | |
| Defendants. | : : | |

I, Katherine Van Dyck, pursuant to 28 U.S.C. § 1746 and under penalty of perjury, hereby declare as follows:

1. I am a Partner at Cuneo Gilbert & LaDuca, LLP ("CGL"), a law firm that specializes in class action litigation, and one of the firms appointed as co-lead counsel in the above-captioned action. I am admitted *pro hac vice* in the above-captioned action, and a member of the state bars of Texas and the District of Columbia, as well as numerous federal courts.

2. I respectfully submit this declaration in support of Plaintiffs' Motion for Final Approval of the Class Action Settlement and Motion for Attorneys' Fees, Reimbursement of Expenses, and Service Awards. Except as otherwise noted, the facts set forth in this declaration are based in part upon my personal knowledge, and I would competently testify to them if called upon to do so.

3. I am familiar with (i) the claims, evidence, and legal arguments involved in this settlement, (ii) the terms of the class settlement, and (iii) the relevant defenses, evidence, and legal arguments to date.

4. CGL is a nationally recognized law firm headquartered in Washington, D.C. that litigates class actions throughout the United States. This vast experience is detailed in the CGL's Firm résumé attached hereto as Exhibit A.

5. CGL has substantial experience with consumer class actions, generally, and with consumer fraud and false advertising, specifically. It has been involved in the prosecution of consumer class action matters including, but not limited to:

   a. *Mirabella v. Rue La La, Inc.*, No. 13-cv-11392 (D. Mass.) (lead counsel in litigation challenging gift card expiration dates in which settlement offered a full credit for all money expended on eligible expired and unredeemed gift cards);

1

b. *In re: CertainTeed Corp. Roofing Shingle Products Liability Litig.*, MDL No. 1817 (E.D.Pa.) (defective organic shingles litigation, firm served as Co-lead Counsel in an MDL that secured a settlement valued at more than $700 million);

c. *Gulbankian v. MW Manufacturers, Inc.*, No. 10-cv-10392 (D. Mass.) (Co-Lead Counsel, settled for $4 million and provided enhanced warranty protections for homeowners with windows manufactured by defendant)

d. *Galanti, et al. v. The Goodyear Tire & Rubber Company*, No. 03-cv-209 (D.N.J.) ($340+ million recovery on behalf of homeowners who purchased allegedly defective radiant heating systems);

e. *In re Enron Corp. Sec. Litig.*, No. H-01-3624 (S.D. Tex.) (CGL worked as Washington Counsel in this litigation resulting in over $7 billion recovery, the largest recovery in a securities fraud action in history);

f. *In re Building Materials Corp. of Amer. Asphalt Roofing Shingle Prods. Liab. Litig.*, MDL No. 2283 (D.S.C.) (co-Lead Counsel for a class of approximately six million individuals);

g. *In re: Kitec Plumbing System Products Liability Litig.*, MDL No. 2098 (N.D. Tex.) (co-Lead Counsel to a $125 million settlement concerning defective Kitec Plumbing Systems sold throughout the United States);

h. *In re Uponor, Inc. F1807 Plumbing Prods. Liab. Litig.*, MDL No. 2247 (D. Minn.) (Lead Counsel);

i. *In re: Groupon, Inc. Mktg and Sales Practices Litig.*, MDL No. 2238 (D.D.C.) (settled for $12 million); and

j. *In re IKO Roofing Shingle Products Liability Litig.*, MDL No. 2104 (M.D. Il.).

6. CGL spent 279.5 hours litigating this Action and its lodestar, as set forth below, is based on its current hourly rates, which are usual and customary in an Action of this type. The lodestar totals $188,700.00.

|  | **Hours** | **Rate** | **Lodestar** |
|---|---:|---:|---:|
| Charles LaDuca | 64.25 | $725.00 | $46,581.25 |
| Michael Flannery | 2.50 | $775.00 | $1,937.50 |
| Katie Van Dyck | 195.50 | $675.00 | $131,962.50 |
| Brendan Thompson | 0.50 | $625.00 | $312.50 |
| Taylor Asen | 10.50 | $550.00 | $5,775.00 |
| Benjamin Elga | 4.00 | $450.00 | $1,800.00 |

2

| Attorney Totals | 277.25 | | $188,368.75 |
|---|---|---|---|
| | | | |
| **Non-Attorney Hours** | | | |
| Melisa Azak | 1.25 | $175.00 | $218.75 |
| Alexandra Peck | 0.50 | $175.00 | $87.50 |
| Billy Czerwinski | 0.50 | $50.00 | $25.00 |
| **Non-Attorney Totals** | 2.25 | | $331.25 |
| | | | |
| *Totals* | 279.50 | | $188,700.00 |

7. The lodestar summary reflects CGL'S experience in the field, the complexity of the matters involved in this litigation, and the prevailing rate for providing such services.

8. These amounts were derived from daily time records CGL compiled on this matter, which are recorded in our computerized database. They reflect the extensive factual and legal research conducted by Class Counsel in preparation for and throughout the litigation and settlement of this matter, including but not limited to the following:

    a. Investigating plaintiffs' claims and researching, and preparing the original and amended complaints;

    b. Attending three mediations and negotiating early settlement of this matter through attendance at three in-depth mediations in Washington, D.C. and multiple telephonic conferences;

    c. Researching and preparing the original and renewed motions for preliminary approval, long- and short-form notices, and claim form;

    d. Researching and preparing responses to three separate motions to intervene;

    e. Retaining an economist to assist with damages and price premium calculations; and

f.   Coordinating implementation of the notice and distribution plans with defense counsel and the settlement administrator.

9.   The hourly rates CGL charges are within the range of rates that attorneys of equivalent experience and skill, who practice at firms involved in nationwide class action litigation, charge. In determining the firm's hourly rates from year to year, the partners consider rates that counsel at other national class actions firms seek, and they appropriately and thoughtfully set our hourly rates. These rates are not adjusted, notwithstanding the complexity of this litigation, the skill of the opposition, the preclusion of other employment, the delay in payment, or any other factors that could be used to justify a higher hourly compensation.

10.   Listed below are the out-of-pocket costs the firm incurred in this litigation. The expenses in this action are supported by vouchers, checks, time records, and other documents:

|  | Cumulative Expenses |
|---|---|
| Travel - Hotels, Transportation, Meals, Misc. | $ 8,716.29 |
| Messenger.Express Mail | $ 23.08 |
| Westlaw/Lexis-Nexis/PACER research | $ 527.11 |
| Expert Fees | $ 3,267.00 |
| Filing Fees and Service | $ 400.00 |
| *Total* | *$ 12,933.48* |

11.   The cumulative hours, lodestar, and expense for Class Counsel are as follows:

| Firm | Hours | Lodestar | Expenses | Total |
|---|---|---|---|---|
| Cuneo Gilbert & LaDuca, LLP | 279.50 | $ 188,700.00 | $ 12,933.48 | *$ 201,633.48* |
| The Sultzer Law Group P.C. | 320.90 | $ 208,815.00 | $ 14,500.80 | *$ 223,315.80* |
| Halunen Law | 324.80 | $ 163,674.00 | $ 24,559.00 | *$ 250,000.00* |
| **COMBINED TOTALS** | *925.20* | *$ 561,189.00* | *$ 51,993.28* | *$ 674,949.28* |

12.   From the outset, Class Counsel have diligently worked to advance the claims of the putative class members and have performed the services described above on behalf of the putative

4

classes. I have reviewed the billing records for CGL to confirm both the accuracy of the entries on the records, as well as the necessity for, and reasonableness of, the time that CGL committed to the litigation. In my opinion, the time expended and the expenses incurred in prosecuting this action were reasonable and necessary for the diligent litigation of the matter. Class Counsel communicated early and often with defense counsel in an effort to obtain an early, fair, and reasonable resolution of this matter.

13. A settlement demand letter and proposed complaint were sent to Defendant KAS Direct, LLC on November 20, 2015, almost a full year before Plaintiffs' original complaint was filed. Class Counsel attended the first mediation with David Rotman of Gregorio, Haldeman & Rotman in San Francisco on August 10, 2016. Settlement was not reached, but negotiations continued. Defendants produced certain sales and marketing information, and the parties attended a second mediation on March 30, 2017 with Michael Young of JAMS in New York. The parties were ultimately able to reach a resolution on or about May 31, 2017. After Plaintiffs' filed their preliminary approval papers, three separate motions to intervene were filed. The parties then attended a third mediation with Mr. Young in New York on October 5, 2017, inviting the three proposed intervenors. A revised settlement agreement was reached and two of the intervenors' concerns were resolved as a result of that mediation, and renewed preliminary approval papers were filed on November 21, 2017.

14. All of the settlement negotiations described above were conducts at arms' length, and the attorneys' fees requested were negotiated after the terms of the Settlement benefitting the Settlement Class Members were reached.

15. In addition to the hours CGL's partners, associates, and staff have expended on this case, the firm took great financial risk in advancing costs and expenses associated with the

prosecution of the action. The firm took this matter on a contingent basis, agreeing to advance all costs and expenses necessary to prosecute the litigation. This constituted a considerable risk for the firm, as there was no guarantee we would recoup any of the costs or fees.

16. The diligent efforts of Plaintiffs and Class Counsel to prosecute this case, as described herein, demonstrate that Plaintiffs and Class Counsel have more than adequately represented and acted for the benefit of the Settlement Class as a whole. Additionally, apart from an incentive award (if granted), none of the Plaintiffs will receive any benefits beyond those they would receive as ordinary Class Members. The Plaintiffs demonstrated a full understanding of their roles as Class Representatives actively participated in this litigation, carefully reviewing the complaints and the settlement agreements prior to their submission to the Court.  They further conferred with Class Counsel at every step of the litigation concerning the status of the case and the reasonableness of the settlement.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 26th day of September, 2018, in Washington, District of Columbia.

**CUNEO GILERT & LADUCA, LLP**

By*:*  *Katherine Van Dyck*
Katherine Van Dyck
4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016
Tel:  (202) 789-3960
Fax:  (202) 789-1813
kvandyck@cuneolaw.com

*Court Appointed Co-Lead Class Counsel*