| | |
|---|---|
| Tanya Mayhew, Tanveer Alibhai, and Tara Festa, individually on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>KAS DIRECT, LLC and S.C. JOHNSON & SON, INC.,<br><br>    Defendants. | Case No. 16 CV 6981 (VB)<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFYING CLASS, AWARDING ATTORNEYS' FEES AND SERVICES AWARDS, AND FINAL JUDGMENT** |

Upon consideration of Plaintiffs Tanya Mayhew, Tanveer Alibhai, and Tara Festa's Motion for Final Approval of Class Action Settlement and Motion for Attorneys' Fees, Reimbursement of Expenses, and Service Awards, the November 14, 2018 fairness hearing before this Court, and the entire record herein, the Court grants final approval of the Settlement contained in the Parties' First Amended Joint Stipulation of Settlement ("Settlement Agreement") and Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Expenses, and Service Awards, upon the terms and conditions set forth in this Order. Capitalized terms and phrases in this Order shall have the same meaning they have in the Amended Settlement Agreement. The Court makes the following findings:

## FINDINGS OF FACT

1. Plaintiffs bring their Motion for Final Approval of the Class Action Settlement, and Motion for Attorneys' Fees, Reimbursement of Expenses, and Service Awards before the Court, with the consent of Defendants S.C. Johnson & Son, Inc. and KAS Direct, LLC ("Defendants").

2. Plaintiffs filed their Complaint against Defendant on September 7, 2016 (the "Action") in the United States District Court for the Southern District of New York and amended

1

their Complaint, adding S.C. Johnson & Son, Inc. as a defendant, on August 7, 2017. The Action alleges that the name "Babyganics" and the word "Natural" falsely and deceptively convey that Defendants' Products are organic and use natural ingredients and that Defendants' use of the term "mineral-based" on their sunscreen labels is false and misleading as the sunscreens contain both mineral and chemical ingredients. Plaintiffs further allege that Defendants' marketing of the Products in this manner caused Plaintiffs to pay a price premium for the Products.

3. The Parties conducted an extensive and thorough examination, investigation, and evaluation of the relevant law, facts, and allegations to assess the merits of the potential claims to determine the strength of both defenses and liability sought in the Action.

4. The Parties engaged in pre-mediation and confirmatory discovery, where Defendants provided Plaintiffs with sales information and label information.

5. In addition, Class Counsel evaluated the various state consumer protection laws, as well as the legal landscape, to determine the strength of the claims, the likelihood of success, and the parameters within which courts have assessed settlements similar to the proposed Settlement.

6. The Parties have entered into a Settlement Agreement in which the Parties have agreed to settle the Action, pursuant to the terms of the Settlement Agreement, subject to the approval and determination by the Court as to the fairness, reasonableness, and adequacy of the Settlement, which, if approved, will result in dismissal of the Action with prejudice.

7. The Settlement Agreement also resolves claims relating to subsets of Babyganics Products that were raised in the following cases: *Machlan v. S.C. Johnson, Inc.*, Case No. CGC-17-557613 (Sup. Ct. CA), later removed on April 28, 2017 to the District Court of the Northern District of California, No. 3:17-cv-02442 (certain Babyganics pre-moistened wipes with "plant"-related labeling); *Skeen v. KAS Direct, LLC, d/b/a/ Babyganics*, No. 1:17-cv-04119 (S.D.N.Y.)

(certain Babyganics products with "tear-free"-related labeling); and *Carroll v. S. C. Johnson & Son, Inc.,* Case No. 1:17-cv-5828, (N.D. Ill.) (certain Babyganics and mineral-based sunscreen products with SPF 50+ labeling).

8.  The Court has reviewed the Settlement Agreement, including the exhibits attached thereto and all prior proceedings herein, and has found good cause based on the record.

THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED as follows:

1.  **Jurisdiction.** The Court has subject-matter jurisdiction over the Action pursuant to 28 U.S.C. §§ 1332 and 1367 and personal jurisdiction over the Parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391. Without in any way affecting the finality of this Final Judgment and Order Approving Settlement, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Judgment and Order Approving Settlement, and for any other necessary purpose.

2.  **Class Certification for Settlement Purposes Only.** The Court finds, for the purposes of this Settlement only, that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3) have been satisfied, in that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are issues of law and fact that are typical and common to the Class, and that those issues predominate over individual questions; (c) a class action on behalf of the certified Class is superior to other available means of adjudicating this dispute; (d) as set forth below, Plaintiffs and Class Counsel are adequate representatives of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class

action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. **Class Definition.** The Settlement Class is defined as all persons or entities in the United States who made retail purchases of Covered Products during the Settlement Class Period. Specifically excluded from the Settlement Class are: (a) Defendants' employees, officers, directors, agents, and representatives; (b) those who purchased Covered Products for the purpose of re-sale; (c) federal judges who have presided over this case; and (d) all Persons who have been properly excluded from the Settlement Class.

4. Pursuant to Federal Rule of Civil Procedure 23(c), all such Persons who satisfy the Class definition above, except those Class Members who timely and validly excluded themselves from the Class, are Settlement Class Members bound by this judgment.

5. **Class Representatives and Class Counsel.** The Court reaffirms the appointment of Jason P. Sultzer of The Sultzer Law Group PC; Charles Joseph LaDuca and Katherine Van Dyck of Cuneo Gilbert & LaDuca, LLP; and Amy Boyle of Halunen Law as counsel for the Settlement Class. The Court finds that these lawyers are competent and capable of exercising their responsibilities as Class Counsel and finds that Class Counsel has adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement. The Court reaffirms the appointment of Tanya Mayhew, Tanveer Alibhai, and Tara Festa as Class Representatives, and finds that they have adequately represented the Settlement Class for the purposes of entering into and implementing the Settlement Agreement.

6. **Final Settlement Approval.** The terms and provisions of the Settlement Agreement have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement

Class Members. The Court has considered all objections to the Settlement and overrules them as without merit as stated on the record at the November 14, 2018 hearing. Accordingly, the Court hereby directs that the Settlement shall be affected in accordance with the terms of the Settlement Agreement (all of which terms and definitions are adopted and incorporated herein by reference).

7. **<u>Findings Concerning Notice.</u>** The Court finds that notice was given to Settlement Class Members pursuant to the Notice Plan and the Preliminary Approval Order, and that said notice was appropriate under the circumstances and constitutes due and sufficient notice to the Settlement Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution. The Settlement Class Members received notice of (a) the pendency of the Action; (b) the terms of the proposed Settlement, including the Release; (c) their rights under the proposed Settlement; (e) their right to object to any aspect of the proposed Settlement or exclude themselves from the Settlement Class; (f) their right to appear at the Fairness Hearing; (g) Class Counsel's request for attorneys' fees and expenses and an incentive award to the Class Representatives; and (h) the binding effect of this Final Judgment and Order Approving Settlement on all Persons who did not timely exclude themselves from the Settlement Class. The Court further finds that all of the notices are written in simple terminology, are readily understandable by Settlement Class Members, and are materially consistent with the Federal Judicial Center's illustrative class action notices.

8. The Court finds that notice of the proposed Settlement was provided to the appropriate state and government officials pursuant to 28 U.S.C. § 1715. Furthermore, the Court has given the appropriate state and government office ials the requisite ninety (90) day time period to comment or object to the proposed Settlement before entering this Final Judgment and Order Approving Settlement and no such comments or objections were received.

9. **Effect of Amended Settlement Agreement and Order.** The terms of the Settlement Agreement, and of this Final Judgment and Order Approving Settlement, shall be forever binding on, and shall have *res judicata* and preclusive effect in all pending and future lawsuits maintained by Plaintiffs and all other Settlement Class Members who did not timely exclude themselves from the Settlement Class, as well as their heirs, executors, and administrators, successors, and assigns.

10. Defendants are ordered to implement the terms and conditions of the Settlement Agreement, including payment to all Settlement Class Members who have not excluded themselves from this Settlement and who submit a timely and valid Claim pursuant to the Settlement Agreement, and to implement the terms of the injunctive relief agreed to in the Settlement Agreement.

11. **Fees and Service Awards.** The Court has considered the submissions by the Parties and all other relevant factors, including the result achieved and efforts of Class Counsel in prosecuting the claims on behalf of the Class. Plaintiffs initiated the litigation, acted to protect the Class, and assisted their counsel on behalf of the Class. The efforts of Class Counsel have produced the Settlement Agreement entered into in good faith, and which provides a fair, reasonable, adequate, and certain result for the Class.

12. Class Counsel is entitled to a reasonable Fee and Expense Award for their work, which the Court finds to be $733,333.33 and reimbursement of expenses totaling $51,993.28.

13. Further, the Court approves a $2,500 Incentive Award for each of the Class Representatives.

14. The Fees and Expense Award and Plaintiffs' Service Awards shall be paid by Defendants pursuant to the time table set forth in the Settlement Agreement.

15. **Final Judgment.** The Court, finding that no reason exists for delay in ordering final judgment pursuant to Federal Rule of Civil Procedure 54(b), the clerk is hereby directed to enter this Judgment forthwith.

16. This Action (and any and all claims asserted herein at any time) is dismissed in its entirety, on the merits, with prejudice, and without leave to amend, with each Party to bear his/her/its own costs and attorneys' fees (except as otherwise expressly provided herein), and all Settlement Class Members who did not timely and properly execute and submit a Request for Exclusion shall be forever barred and permanently enjoined from starting, continuing, participating in, litigating, or receiving any benefits or relief from any other lawsuit, arbitration, or administrative or regulatory proceeding or order based on or relating to the enforcement of the Settlement of the Action. The Released Claims are hereby compromised, settled, released, discharged, and dismissed as against the Released Persons on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

17. The Parties are hereby authorized without needing further approval from the Court, to agree to and adopt such modifications and expansions of the Stipulation, including without limitation, the forms to be used in the claims process, which are consistent with this Judgment and do not limit the rights of Class members under the Stipulation

18. Final Judgment shall be entered herein.

**So Ordered**

Dated: _____, 2018

    **SO ORDERED**

_____
Honorable Vincent L. Briccetti
United States District Judge